[No. 15335.   Department Two.   August 18, 1919.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES A. DONOVAN, *Appellant.*[1]

LARCENY (2)—PROPERTY SUBJECT—OUTLAWED WHISKEY. Whiskey, although outlawed and unlawfully held by one whose possession the law did not protect, may be the subject of larceny.

SAME (6)—INFORMATION—SUFFICIENCY. An information for the larceny of whiskey which alleged that it was taken by the "trick and device" of defendant's appearing as a police officer, does not show on its face that it was taken into the custody of the law.

SAME (34)—TRIAL—INSTRUCTION. In a prosecution for larceny, an instruction as to the value necessary to constitute grand larceny is not prejudicial in failing to state all the elements of the offense, where such elements were stated in other instructions.

SAME (3, 10) — FRAUD OR APPROPRIATION — INFORMATION — SUFFICIENCY. An information for the larceny of whiskey charging that defendant obtained it by the "trick and device" of appearing as a police officer, and so having obtained it, did feloniously take and appropriate it to his own use, sufficiently charges the act of taking and appropriation as one continuous transaction, and is therefore not confined to larceny by embezzlement by a public officer as defined in Rem. Code, § 2601, subd. 3.

SAME (34)—TRIAL—INSTRUCTIONS. Under such an information, instructions submitting the question of guilt in the original taking, and in appropriating it to his own use following the original taking, are proper, since these two theories of guilt are not inconsistent.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered January 28, 1919, upon a trial and conviction of grand larceny. Affirmed.

*Mulligan & Bradsley* and *Robertson & Miller,* for appellant, contended, among other things, that whiskey is not property under our prohibition law. *Delaney v. Plunket,* 146 Ga. 547, 91 S. E. 561, Ann. Cas. 1917E 685, L. R. A. 1917D 926; *Frost v. People,* 193 Ill. 635, 61 N. E. 1054, 86 Am. St. 352; *State v. Great Northern R. Co.,* 101 Wash. 464, 172 Pac. 546; *State v. Twenty*

[1]Reported in 183 Pac. 127.

*Barrels of Whiskey,* 104 Wash. 382, 176 Pac. 673;
*Lawton v. Steele,* 152 U. S. 133; *Mugler v. Kansas,* 123
U. S. 623; *Mullen v. Mosely,* 13 Idaho 457, 90 Pac. 986,
121 Am. St. 277, 12 L. R. A. (N. S.) 394; *Oviatt v.
Pond,* 29 Conn. 479; *State v. Crowley,* 41 Wis. 271, 22
Am. Rep. 719; *McCord v. People,* 46 N. Y. 470.

To be property, it must have a market value (Rem.
Code, § 2606), which means a value on the open market.
18 Am. & Eng. Ency. Law (2d ed.), 467; 19 Am. & Eng.
Ency. Law (2d ed.), 1153, 1154; *State v. Doepke,* 68
Mo. 208, 30 Am. Rep. 785.

Contraband or outlawed property cannot be the sub-
ject of legal ownership. *State v. Great Northern R.
Co.,* 101 Wash. 464, 172 Pac. 546; *State v. Crowley,* 41
Wis. 271, 22 Am. Rep. 719; *Frost v. People,* 193 Ill.
635, 61 N. E. 1054, 86 Am. St. 852; *Mugler v. Kansas,*
123 U. S. 623; *Delaney v. Plunkett,* 146 Ga. 547, 91 S. E.
561, Ann. Cas. 1917E 685, L. R. A. 1917D 926; *State v.
O'Neil,* 58 Vt. 140, 2 Atl. 586, 56 Am. Rep. 557; *McCord
v. People,* 46 N. Y. 470; *People v. Stetson,* 4 Barb.
(N. Y.) 151.

The information is insufficient in charging the ap-
propriation of *more* than 175 pint bottles of whiskey
of the value of *more* than $400. Wharton, Criminal
Law, § 880; *McCarty v. State,* 1 Wash. 377, 25 Pac.
299, 22 Am. St. 152; *State v. Brew,* 4 Wash. 95, 29
Pac. 762, 31 Am. St. 904; *Hope v. Commonwealth,* 9
Metc. (Mass.) 134; *People v. Coon,* 45 Cal. 672; *State
v. Holmes,* 9 Wash. 528, 37 Pac. 283; *Patrick v. State,*
50 Tex. Cr. 496, 98 S. W. 840, 123 Am. St. 861.

Under the facts, the whiskey was in *custodia legis.*
25 Am. & Eng. Ency. Law (2d ed.), 153; *Allen v.
Staples,* 6 Gray (Mass.) 491; *Smith v. Huntington,*
3 N. H. 76, 14 Am. Dec. 331.

So that any charge of larceny is of larceny by em-
bezzlement under Rem. Code, § 2601, subd. 3. *State v.*

*Ward,* 96 Wash. 550, 165 Pac. 794; *State v. Rolette,* 94 Wash. 94, 161 Pac. 1042.

The information therefore is not direct and certain. 1 Wharton, Criminal Evidence, § 92; 13 Ency. Evidence, 640; *State v. Gifford,* 19 Wash. 464, 53 Pac. 709; *State v. Morgan,* 21 Wash. 355, 58 Pac. 215; *State v. Diamond Ice & Storage Co.,* 105 Wash. 122, 177 Pac. 634.

When a general charge may be divided into two propositions, if either, separated, is not applicable to the evidence or the propositions are conflicting, the charge is erroneous. 12 Cyc. 649; *State v. Peasley,* 80 Wash. 99, 141 Pac. 316; *State v. Payne,* 6 Wash. 563, 34 Pac. 317; *Henry v. State,* 51 Neb. 149, 70 N. W. 924, 66 Am. St. 450; *State v. Ardoin,* 49 La. Ann. 1145, 22 South. 620, 62 Am. St. 678; *State v. Peel,* 23 Mont. 358, 59 Pac. 169, 75 Am. St. 529.

This instruction authorized a conviction if accused "obtained" the property, and this is not sufficient. *State v. Cunningham,* 154 Mo. 161, 55 S. W. 282; *Taylor v. State,* 50 Tex. Cr. 377, 97 S. W. 473; *State v. McDonald,* 133 N. C. 680, 45 S. E. 582; *State v. Moore,* 57 W. Va. 146, 49 S. E. 1015; *Robinson v. State,* 109 Ga. 564, 35 S. E. 57, 77 Am. St. 392; *State v. Reilly,* 4 Mo. App. 392.

The giving of an instruction not applicable to the facts in the case is prejudicial error. 14 R. C. L. 784; 12 Cyc. 651; *State v. Jones,* 3 Wash. 175, 28 Pac. 254; *State v. Ward,* 96 Wash. 550, 165 Pac. 794; *Conley v. Greene,* 89 Wash. 39, 153 Pac. 1089; *State v. Peasley,* 80 Wash. 99, 141 Pac. 316.

If conflicting and irreconcilable, the charge is erroneous. 12 Cyc. 649; *State v. Payne,* 6 Wash. 563, 34 Pac. 317; *Henry v. State,* 51 Neb. 149, 70 N. W. 924, 66 Am. St. 450; *State v. Ardoin,* 49 La. Ann. 1145, 22

South. 620, 62 Am. St. 678; *State v. Peel*, 23 Mont. 358, 59 Pac. 169, 75 Am. St. 529.

The instruction is insufficient in failing to use the term "deprive or defraud" or "wrongfully" or equivalent terms. *State v. Ward*, 96 Wash. 550, 165 Pac. 794; *State v. Ames*, 119 Iowa 680, 94 N. W. 231; *Hamilton v. State*, 46 Neb. 284, 64 N. W. 965; *State v. Carmean*, 126 Iowa 291, 102 N. W. 97, 106 Am. St. 352.

Donovan's offense, under the facts, was nothing more than misconduct as an officer, not larceny by embezzlement. *Mitchell v. Territory*, 7 Okl. 527, 54 Pac. 782; *People v. Stewart*, 80 Cal. 129, 22 Pac. 124; *Bailey v. State,* 92 Ark. 216, 122 S. W. 497; *Eilers v. State*, 34 Tex. Cr. 344, 30 S. W. 811.

*Joseph B. Lindsley*, for respondent, contended, among other things, that accused was guilty of larceny. *State v. Skilbrick*, 25 Wash. 555, 66 Pac. 53, 87 Am. St. 784; *State v. Ryan*, 47 Ore. 338, 82 Pac. 703, 1 L. R. A. (N. S.) 862; *People v. Shaughnessy*, 110 Cal. 598, 43 Pac. 2; *Stinson v. People*, 43 Ill. 397; *Doss v. People*, 158 Ill. 660, 41 N. E. 1093, 49 Am. St. 180; *People v. Shaw*, 57 Mich. 403, 24 N. W. 121, 58 Am. Rep. 372.

Whiskey, although contraband, is the subject of larceny. *State v. May*, 20 Iowa 305; *Commonwealth v. Coffee*, 9 Gray (Mass.) 139; *Kreiter v. Nichols*, 28 Mich. 495; *Bales v. State*, 3 W. Va. 685.

It is not necessary that it have a market value. 2 Bishop, New Criminal Law, paragraphs 359, 781; *Rex v. Clark*, 2 Leach (C. C.) 1036; *State v. Allen*, R. M. Charlt. (Ga.) 518; *Commonwealth v. Riggs*, 14 Gray (Mass.) 376, 77 Am. Dec. 333; *Commonwealth v. Lawless*, 103 Mass. 425; *Wolverton v. Commonwealth*, 75 Va. 909; *Commonwealth v. Smith*, 129 Mass. 104; *Commonwealth v. Cooper*, 130 Mass. 285.

PARKER, J.—The defendant, Donovan, was jointly charged with the commission of the crime of grand larceny with one Whalen, by information filed in the superior court for Spokane county, which information charged the commission of the crime as follows:

"The said defendants, James A. Donovan and J. T. Whalen, on or about the twenty-first day of September, 1918, in the county of Spokane, state of Washington, then and there being, and having then and there taken into their possession from one J. L. Smith more than 175 pint bottles of whiskey, the property of and belonging to said J. L. Smith, by the trick and device of the defendant James A. Donovan then appearing as a police officer of the city of Spokane, with authority, as such officer, to seize such whiskey from said J. L. Smith, the said J. T. Whalen then and there accompanying the said James A. Donovan and confederating with him, and so having obtained and taken into their possession the said whiskey, did then and there wilfully, unlawfully and feloniously take, carry away, conceal, and appropriate to their own use the said whiskey, consisting of more than 175 pint bottles filled with whiskey, the property of and belonging to J. L. Smith, of the value of more than $400, with the intent to deprive and defraud the owner thereof."

Donovan's trial in that court sitting with a jury resulted in a verdict of guilty as charged, upon which judgment was rendered against him, from which judgment he has appealed to this court.

The first contention made by counsel for Donovan is that the information fails to charge him with the commission of any crime under the laws of this state. The principal argument made in that behalf is, in substance, that the information charges facts showing that the whiskey alleged to have been stolen was at the time outlawed property the ownership of which the law did not protect, and therefore was not the subject of larceny. It may be conceded that the facts

charged show the outlawed character of the whiskey as property, and that, in so far as any claim of property therein is concerned, the law would not afford any one making such claim any relief looking to its recovery, or damages for its taking. We think, however, that the question of whether or not the whiskey was subject to larceny, by the taking of it from the one who was in possession and claiming to be the owner of it, is quite a different question.

In *Commonwealth v. Rourke*, 10 Cush. (Mass.) 397, which seems to have become a leading case in this country, Justice Cushing, speaking for the court, having under consideration the question of whether or not an indictment could be sustained for the larceny of money which had been received by one from whom it had been stolen for the sale of intoxicating liquor in violation of law, said:

"It has been very ingeniously argued by the defendant's counsel, that money, so obtained, is destitute of the rights of property, and being thus in a manner outlawed, is not entitled to legal protection, and is incapable of being the subject-matter of larceny; in a word, that it may be stolen with absolute impunity . . .

"We apprehend it would be no answer to an indictment for larceny properly drawn, to say that the object larceniously taken, belonged to nobody, provided the thing were in its nature property; 2 East, P. C. 606; 2 Russ. on Crimes, (6th Am. ed.) 96; or that it belonged to some unknown owner; for then, by force of the statute, and by common law too, it would be protected in the hands of the possessor. But it is further contended, that such possessor must be a lawful possessor; nay, if he be proved owner against all the world, yet, if the property be acquired by breach of law, the law will in no respect exert itself to aid the guilty party to retain the possession, or to regain it when lost. This position is advanced on the strength of the case of *Gregg v. Wyman,* 4 Cush. 322, and other cases of the

same class, in which it has been adjudged as a doctrine of the common law, that courts of justice will not afford their assistance for the enforcement of any contract based on a criminal or unlawful undertaking or act.

"We fully recognize the soundness of this doctrine, supported as it is by obvious considerations of public policy and justice. But the inference, deduced therefrom in argument, by no means follows. That same common law, which, in its integrity and wisdom, refuses to lend itself to be the instrument, even indirectly, for the execution of a criminal contract, will as little condescend to throw its mantle over crime itself. The law punishes larceny, because it is larceny; . . . And the law punishes the larceny of property, not solely because of any rights of the proprietor, but also because of its own inherent legal rights as property; and, therefore, even he, who larceniously takes the stolen object from a thief whose hands have but just closed upon it, may himself be convicted therefor, in spite of the criminality of the possession of his immediate predecessor in crime. This principle is coeval with the common law itself as a collection of received opinions and rules, for we have to go back to the Year-Books to find its first judicial announcement."

And then, following a review of English and American decisions, the learned justice concluded as follows:

"We think it is well established at common law, therefore, that property, though unlawfully acquired, may nevertheless be the subject-matter of larceny; and we think the cases decided are broad enough to cover the present or any similar form of unlawful acquisition."

It is true that was the larceny of money which had been received by one from whom it was taken for the sale of outlawed liquor, and that the money as such, apart from its being so acquired by the one from whom it was taken, of course was not outlawed property. Upon the law as announced in that decision, however,

the same court, in the later case of *Commonwealth v. Coffee*, 9 Gray (Mass.) 139, held that intoxicating liquor, though unlawfully held by the one in possession thereof, so that the law would not lend its protection to his property right therein, was a subject of larceny.

In *Bales v. State*, 3 W. Va. 685, there was involved the larceny of certain ivory checks used for gambling purposes, the property right in which was plainly outlawed. Answering the contention that such checks were not the subject of larceny, the court very pertinently observed:

"The important question therefore is, whether these checks, kept and used for gambling contrary to the statute, can be the subject of larceny? That they could not have been recovered by action, is clear on the general principle that no court would lend its aid to the guilty keeper or owner to recover his illegal articles. And the case of *Spaulding v. Preston*, 21 Vt. 10, is directly in point. But still, the question recurs, whether larceny can be committed of such prohibited things. And, to hold that it could not, would be to run the hazard of encouraging larceny by discouraging gaming.

"The law punishes gaming and the keeping for gaming purposes articles of like character with those mentioned, and provides the mode of seizing and destroying them by the hand of an officer and the order of the magistrate. And it is perhaps more politic that resort be had to the mode prescribed by law for that purpose, than to encourage a resort to theft for discouraging gambling. The cases cited from Massachusetts, where the subject was twice fully considered, take this view of it. *Commonwealth v. Coffee*, 9 Gray, 137; *Com. v. Rourke*, 10 Cush., 397; . . ."

It is worthy of note that the court rested its decision upon the two Massachusetts cases above noticed. Among other decisions to the same effect we note: *Commonwealth v. Smith*, 129 Mass. 104, and *State v. May*, 20 Iowa 305; the latter involving the theft of out-

lawed intoxicating liquor. We are quite convinced that the information in this case does not fail to state an offense under our laws because of the fact that upon its face it appears to charge the larceny of outlawed intoxicating liquor.

Further contention is made that the information failed to charge a larceny of Smith's whiskey, because it appears upon the face of the information that the whiskey was taken into the custody of the law when taken by Donovan. Whether or not the whiskey was then taken into the custody of the law, we think, depends upon the intent with which Donovan took it from Smith. We think it plain that the language of the information means that Donovan took the whiskey, not in good faith as a public officer, but with intent to appropriate it to his own use. Otherwise the allegation that he took it by "the trick and device" of appearing as a police officer would be meaningless. We think the information does not show upon its face that the liquor was taken into the custody of the law; but that the facts therein alleged show to the contrary. But, in any event, we think it would be subject to larceny as Smith's whiskey until lawfully ordered to be destroyed.

Among other instructions given to the jury by the trial court was the following:

"Under the law of the state of Washington grand larceny is substantially defined as follows: Every person who, with intent to deprive or defraud the owner thereof, shall steal or obtain property of another of the value of more than $25 shall be guilty of the crime of grand larceny."

It is contended that this was erroneous to the prejudice of Donovan because it did not contain a statement of all of the elements of the larceny with which he was charged. We think it is plain that other instructions

given by the court to the jury did fully inform the
jury as to all the elements of larceny as charged in
the information. This instruction manifestly was
given merely to inform the jury that, in order to find
Donovan guilty of grand larceny, they must find that
he took property of the value of more than twenty-five
dollars. Rem. Code, § 2605. No prejudicial error re-
sulted to Donovan by the giving of this instruction,
especially in view of the other instructions which were
given.

Certain instructions given by the court told the jury,
in substance, that Donovan could be found guilty under
the charge of the information if he took the whiskey
with intent to deprive the owner thereof and appro-
priate it to his own use, or if he seized the whiskey in
good faith as an officer of the law and then appro-
priated it to his own use, meaning, manifestly, appro-
priating it to his own use before the making of any
lawful order for its destruction. This, it is contended,
was error prejudicial to Donovan. Section 2601, Rem.
Code, defining larceny and the several ways in which
it may be committed, reads, in so far as we need here
notice its language, as follows:

"Every person who, with intent to deprive or de-
fraud the owner thereof—

"(1) Shall take, lead or drive away the property of
another; or

"(2) Shall obtain from the owner or another the
possession of or title to any property, . . . by
color or aid of any fraudulent or false representation,
personation or pretense or by any false token or writ-
ing or by any trick, device, bunco game or fortune-
telling; or

"(3) Having any property in his possession, cus-
tody or control, . . . as a public officer . . .
or by competent authority to take or hold such posses-
sion, custody or control, . . . . shall secrete, with-
hold or appropriate the same to his own use or to the

use of any person other than the true owner or person entitled thereto; . . .

"Steals such property and shall be guilty of larceny."

The argument seems to be that the information charges larceny by embezzlement only, under subdv. 3 of this section, and that, therefore, the question of Donovan being guilty of larceny in the original taking of the whiskey should not have been submitted to the jury. The information, as we view it, in effect charges the original taking of the whiskey by Donovan and its appropriation to his own use with intent to deprive Smith, the owner thereof, of it as occurring at the same time, or at least that the act of taking and appropriation followed in such close relationship as to constitute one continuous transaction in so far as Donovan's criminal intent was concerned. There was ample evidence to support this view of the facts. It is not claimed that the information charges more than one crime, and we think it could not be successfully so argued. We think that these instructions did not erroneously submit to the jury both the question of Donovan's being guilty of larceny in the original taking of the whiskey and the question of his guilt in appropriating it to his own use following the original taking; nor are these two theories of his guilt inconsistent.

Certain instructions requested by counsel for Donovan to be given were refused by the court to be given. As to the errors claimed in the refusal of the court to give such instructions, we think they are sufficiently disposed of by what we have already said touching the question of the whiskey being subject to larceny, since the requested instructions touch that question only, in so far as we regard these assigned errors worthy of serious consideration here.

We have examined other claims of error made in behalf of Donovan, but think it sufficient to say that we regard them as without merit. A painstaking examination of this record convinces us that Donovan has had a fair trial, and that the judgment of conviction must be affirmed. It is so ordered.

HOLCOMB, C. J., MOUNT, FULLERTON, and BRIDGES, JJ., concur.