**UNITED STATES**

v.

**Airman First Class Bruce A. PERRY, FR 006–76–8235, United States Air Force.**

**ACM 27124.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 June 1988.

Decided 16 Dec. 1988.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Major Lynne H. Wetzell and Captain Iris I.M. Kirschner, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Lieutenant Colonel Robert E. Giovagnoni.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

### DECISION

MURDOCK, Judge:

The appellant was found guilty, contrary to his pleas, of larceny of some amount of marijuana and of conspiracy to possess marijuana with intent to distribute it. He was sentenced to a bad conduct discharge, confinement for 17 months, forfeiture of $400.00 per month for 17 months, and reduction to airman basic. Now the appellant argues that the government did not prove he was part of a conspiracy to distribute marijuana or that he shared a criminal design with the airmen who did intend to distribute the contraband. We agree.

■ The evidence establishes that the appellant directed another airman to grab a paper bag which had been left temporarily unguarded at a local bar. Although the airman did not acknowledge the direction, he did take the bag about 45 minutes later and run out the door with it. After he asked the airman to grab the bag, the appellant asked another airman to be ready to block the owner of the bag if he should give chase when the bag was taken. That airman said "no". These facts are sufficient for us to affirm the first charge against the appellant—that he stole the marijuana which was in the bag. Although there is no evidence that he ever touched the bag, we are convinced that the airman who grabbed the bag did so as the appellant's agent. Article 77, UCMJ, 10 U.S.C. § 877.

■ Now we turn to the conspiracy charge. The appellant was charged with conspiring "to knowingly and intentionally possess [marijuana] with intent to distribute ..." The evidence relied on by the government to prove this specification is sketchy.

The last time the appellant saw the bag was when his friend ran out of the bar with it. The "owner" of the bag made quite a scene when he discovered his bag was missing. Witnesses testified he yelled, "Somebody stole my bag of dope". By the time the appellant returned to the base, this incident was the talk of his dormitory because many of the residents had either been at the bar that night or had heard about the incident. Sometime after he returned to the dormitory the appellant told another airman that he knew, or thought he knew, who had the bag. That airman said he might be able to help the airman who had the bag get rid of the marijuana. The record contains no more evidence about any involvement of the appellant with the bag of marijuana.

The two airmen, and a third airman who turned out to be a source of information

for the Air Force Office of Special Investigations, eventually got together and worked out a plan to sell the marijuana for $380.00. The appellant was not involved in this disposition plan, nor, apparently, was there any plan to share the profits with him. We are not convinced beyond a reasonable doubt that the government proved the appellant was part of a conspiracy to possess marijuana with intent to distribute it.

The specification charging this offense was originally the Specification of Additional Charge II. It was then redesignated Specification 2 of Additional Charge I and Additional Charge II was dismissed. Still later, Specification 1 of the Additional Charge (originally Additional Charge I) was dismissed because of multiplicity. This left the present specification as the only specification of the Additional Charge. Accordingly, we set aside the finding of guilty of the Specification of the Additional Charge and dismiss both the Specification and the Additional Charge. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

Before we leave this discussion we must express our concern with having to exercise the power of the military court system in what looks like an effort to protect a drug pusher's "property rights". We realize "it is an established principle of law that one crime is no excuse for another, and that the doctrine of *particeps criminis,* which bars one party to an unlawful deed from recovering in a civil action against another party thereto, 'has no place in the administration of the criminal law' ". R. Perkins, *Perkins on Criminal Law* 969 (2d ed. 1969). We are also aware that stealing "contraband" from one who is violating the law by possessing it is larceny, *State v. Donovan,* 108 Wash. 276, 183P. 127 (1919), and that it can be malicious mischief wilfully to destroy contraband held by another. *State v. Stark,* 63 Kan. 529, 66 P. 243 (1901). *See* Perkins, p. 970.

We would feel better about the effort spent in a criminal prosecution if the charges were less provocatively framed. In most cases like the present one, larceny of the contraband could also be fairly charged as possession or attempted possession of the contraband. This puts the illegal act squarely on the accused's back and does not make the court look like an enforcer for drug suppliers. We hope we do not see many more charges like the ones in this case.

We must now reassess the sentence. We find appropriate only so much as includes a bad conduct discharge, confinement for five months, forfeiture of $300 per month for five months, and reduction to airman basic. The remaining findings of guilty and the sentence as modified are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.