## UNITED STATES v. DALTON et al.

(District Court, W. D. Washington, N. D.   January 12, 1923.)

No. 7147.

I. **Customs duties** ⊚⇒125—**Smuggling; defenses to prosecution.**

To an indictment under Tariff Act 1922, § 593 (a), for bringing into the United States intoxicating liquor without declaring or invoicing and invoicing with intent to defraud the revenue, it is not a defense because not having a permit as required by other provisions of the act, and by the Prohibition Act defendant's possession of the liquor was unlawful, and to make the declaration he would have been compelled to give evidence against himself.

2. **Customs duties** ⊚⇒65—**Witnesses** ⊚⇒293½—**Immunity from giving incriminating testimony does not apply to customs declarations.**

The immunity from being compelled to give incriminating testimony against himself, secured by the Fifth Amendment to the Constitution, has no application to declarations required on entry of goods under the customs laws.

Criminal prosecution by the United States against Marie Dalton, alias Clara Michiel, and Ollie Thompson. On demurrers to indictment. Overruled.

Count 1 of the indictment charges that the defendant did knowingly, * * * with the intent to defraud the revenue of the United States, smuggle * * * and bring into the United States from Canada * * . * merchandise * * * subject to duty by law and which should have been invoiced * * * gin * * * whisky * * * and brandy and did not declare the entry * * * to the collector of customs. * * * "

Count 2 charges in substance that they did receive, conceal, and facilitate the transportation and sale of liquor described in count 1 within this district. Defendants each demur to each count in the indictment on the ground that the section under which the prosecution is brought compels them to give evidence against themselves, in that it is an offense to possess or transport intoxicating liquor under the National Prohibition Act (41 Stat. 305), and also an offense against the laws of Washington.

Section 593 (a), Tariff Act Sept. 21, 1922 (42 Stat. 858, 982): "If any person * * * with intent to defraud the * * * United States, smuggles * * * into the United States any merchandise which should have been invoiced * * * shall be deemed guilty of a misdemeanor. * * * "

Section 461, act supra: " * * * All merchandise * * * brought in from a contiguous country * * . * shall be unladen in the presence of and inspected by a customs officer at the first port of entry at which the same shall arrive."

Section 401, act supra: "The word 'merchandise' means goods, wares, and chattels of every description, and includes merchandise *the importation of which is prohibited.*" (Italics mine.)

Section 1, par. 813, act supra: "No * * * liquors * * * containing one-half of one per centum of * * * alcohol shall be imported or permitted entry except on a permit * * * and any such * * * liquors * * * brought into the United States without a permit shall be seized and forfeited."

Section 3, tit. 2, National Prohibition Act: "No person shall * * * import * * * any intoxicating liquor, except as authorized in this act. * * * Liquor for nonbeverage purposes * * * may be * * * imported, * * * but only as herein provided, and the Commissioner may, upon application, issue permits therefor. * * * "

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Thos. P. Revelle and Judson F. Falknor, both of Seattle, Wash., for the United States.

John F. Dore, of Seattle, Wash., for defendants.

NETERER, District Judge (after stating the facts as above). [1] The indictment specifically charges importation under section 593, supra, intoxicating liquor for the purpose of defrauding the government of the revenue provided by the Tariff Act Sept. 21, 1922, paragraphs 802, 803, 804, 805. It is obvious that the purpose was to smuggle and import into the United States the liquor to defraud the United States of the revenue, and while a permit is a prerequisite to entitle liquor to be entered, the fraudulent act in not obtaining a permit does not ripen the act into a right, and grant immunity from prosecution because the declaration would be incriminating. The fact that the liquor is contraband the moment it crosses the boundary (U. S. v. Caminata [D. C.] 194 Fed. 903, paragraph 813, § 1, supra; The Goodhope [D. C.] 268 Fed. 694) does not prevent it from being imported. The Circuit Court of Appeals for the Second Circuit, affirming a decree entered by the writer in Feathers of Wild Birds v. U. S., 267 Fed. 964, at page 967, said:

"We think that, where goods forbidden of importation are physically brought into the country as such prohibited articles, they are in fact imported within the meaning of the act just as truly as there may be an importation of lawful goods which may be imported contrary to law by failure to comply with the customs statute."

[2] It was incumbent on the defendants, not only to declare the entry, but also to obtain a permit qualifying the goods for entry, and for having failed may not hide behind the Fifth Amendment when apprehended and evade penalty of the illegal act, and make a right out of two wrongs. The Fifth Amendment has no application where parties or goods seek admission into the United States, nor does U. S. v. Lombardo (D. C.) 228 Fed. 980, affirmed 241 U. S. 73, 36 Sup. Ct. 508, 60 L. Ed. 897, afford relief.

Demurrer overruled.