### UNITED STATES v. McDERMOTT.

Fourth Division.   Fairbanks.   February 10, 1925.

No. 928–C.

Obstructing Justice ⚖︎7—Indictment and Information—Intoxicating Liquor—Searches and Seizures.

The indictment against the defendant charged the willful destruction of moonshine liquor at or before the seizure thereof by officers authorized to search and seize, including an internal revenue officer and deputy United States marshals. On demurrer that the facts stated do not constitute a crime, *held*, that moonshine whisky, and its container, a glass jar, are not "goods, wares, and merchandise," and that the destruction of moonshine whisky and glass container by the possessor before seizure by officers is not a crime ; demurrer sustained, and indictment dismissed.

Julien A. Hurley, U. S. Dist. Atty., of Fairbanks.
T. A. Marquam, of Fairbanks, for defendant.

CLEGG, District Judge.   In this case, an indictment by the grand jury under the provisions of section 9760 of Barnes' Federal Code, section 65 of the Penal Code, section 5447 of the Revised Statutes, and section 65, Statutes at Large, p. 1100 (18 USCA § 121), charging willful destruction of moonshine liquor at or before the seizure thereof by officers authorized to search and seize, including an internal revenue officer and deputy marshals.

A demurrer to the indictment has been interposed by the defendant on several grounds, but principally that the facts stated do not constitute a crime.

It is contended by the defendant that under the provisions of this section the defendant has committed no offense; the moonshine whisky charged to have been destroyed, and its container, a glass jar, not coming properly within the terms of the statute, which says "goods, wares and merchandise." I think this construction should be upheld by the court.

The district attorney has furnished no authorities of similar prosecutions under this statute, and the court has found none in the adjudicated cases. An examination has revealed a case in the state of New York, in the Court of Appeals of that state, entitled People v. Otis, reported in 235 N. Y. 421, 139 N. E.

562, where the defendant was charged with the larceny of contraband liquor inclosed in barrels. The court held that it was larceny under the statute, which denounces the larceny of anything of value, holding that the liquor was of inherent value and that the barrels which contained it were also of value. This case, while illuminating, is not controlling in this case now before the court.

A further case has been cited by the government, that of United States v. Dalton (D. C.) reported in 286 F. 756, which was a prosecution for importing merchandise upon which a tax was laid under the Tariff Act of September 21, 1922 (section 593a [19 USCA § 496; U. S. Comp. St. § 5841h–12]). Another section of the same act defines merchandise, in the contemplation of that act, and says that it includes, "goods, wares, and chattels of every description," and also "merchandise the importation of which is prohibited." Section 401 (19 USCA § 231 [U. S. Comp. St. § 5841d]).

The court, in ruling upon the demurrer in that case, lays particular stress upon the definition included in the statute itself, and in the provision that it also says "merchandise the importation of which is prohibited."

Now, in the ordinary, usual, and legal acceptation of the words "goods, wares and merchandise," it undoubtedly means all articles of ordinary legal trade and commerce and such things as are the subject of legal barter and sale, assignment, and transfer, and which may be legally possessed, held, owned, and transferred.

This liquor in question is contraband liquor; the glass jar in which it was contained is also contraband; and, applying the rule of universal application in the construction of criminal statutes, that the words of a statute must be strictly construed, and cannot be extended either by implication or judicial construction, it is my opinion that such liquor and its container cannot properly and legally be said to be embraced within the terms "goods, wares and merchandise," as used in this statute.

I think it was probably the intention of the district attorney merely to present this case to the court in the nature of an experiment, for the purpose of obtaining a judicial ruling.

The indictment will be dismissed, the defendant discharged, and the bond, if any, exonerated.