| July Term, | Bales *vs.* The State. | 1868. |
|---|---|---|

# Wheeling.

*Absent, HARRISON J.

## ADAM S. BALES *vs.* THE STATE.

### July Term, 1868.

1. Larceny may be committed of property used for gaming purposes.

2. A case in which a new trial was properly refused, asked on the ground of newly discovered corroborative evidence.

Adam S. Bales was indicted by the grand jury of the county of Berkeley, at the September term, 1867, for the larceny of three hundred and thirty-nine ivory checks of the value of twenty-five cents each, of the goods and chattels of Robert D. Chambers. He was found guilty at the same term, and his term of imprisonment fixed at one year in the penitentiary. A motion was made by the defendant for a new trial, which was continued to the January term, 1868, when it was overruled and the prisoner sentenced.

The principal point on which the case was decided here was, whether larceny could be committed of property used for gambling purposes—the evidence adduced showing that the checks were used in playing the game of *poker*.

The defendant below filed an affidavit on a motion for a new trial, to show that he was not aware that there existed any testimony to corroborate a witness on a branch of his defense, viz: that he bought the checks from one Smith; that the testimony of the witness who testified to this fact, was assailed by evidence tending to impeach her veracity; that he probably would not have summoned the witnesses

* See page 1.

who would have corroborated this statement, as he was under an impression, which he learned was erroneous, that they could not be sworn on account of their age. This affidavit was accompanied by that of two persons—his nephew and niece—who were inmates of his family at the time of the committing of the alleged offense, aged respectively 11 and 12 years, who corroborated the testimony before mentioned, of the purchase of the checks.

There was a further error assigned in the petition that, there was no proof that the *intrinsic value* of the checks was proven to be 20 dollars, and therefore the offense could not be grand larceny, but the record showed that it was proven on the trial that whilst they were used to represent different sums in games, or for the purpose of change at the bar of the owners saloon, they could not be bought at the manufactures for less than 25 cents apiece.

*C. J. Faulkner* for the prisoner.

*Attorney-General Melvin* for the State.

I. The articles named in the indictment are used frequently for legitimate purposes. And if not so used, they would still be the subject of larceny. *Com.* vs. *Rourke*, 10 Cush., 397; 9 Gray, 139.

II. The intrinsic value was shown to have been over 20 dollars.

III. There was no error in excluding the testimony of Dr. Gehring. It was simply cumulative, and its admission would have tended to protract the trial indefinitely. Besides, the order of the proof is wholly within the discretion of the presiding judge. *Ray* vs. *Smith*, 9 Gray, 141.

IV. The motion for a new trial, on the ground of after-discovered testimony, was properly overruled.

As to the children: The newly discovered testimony is such as reasonable diligence would have discovered before trial; and, besides, is merely cumulative. *Thompson's case*, 8 Grat., 637.

As to Ellen Ward: Impeaching testimony will not serve to re-open a case. 8 Grat., 637. She herself stood impeached, and being unworthy of credit, no different result would be reached on a second trial. 18 Johns., 489.

BROWN, President, delivered the opinion of the court.

Adam S. Bales was convicted of grand larceny for stealing three hundred and thirty ivory checks, of the value of twenty-five cents each. On the trial these checks were proved to have been kept by the owner at his saloon, for gambling purposes, and were so used in playing the game of poker.

The prisoner assigns for error, "That the offence of larceny cannot be committed by taking and carrying away articles manufactured for and used for the purpose of gambling." Alleging that "the law does not recognize them as property, over which its protection is to be extended. The statute expressly authorizes a search warrant to be issued for the seizure of such articles, wherever found, subject to the jurisdiction of the justice, and orders them to be burned."

The important question therefore, is, whether these checks, kept and used for gambling contrary to the statute, can be the subject of larceny? That they could not have been recovered by action, is clear on the general principle that no court would lend its aid to the guilty keeper or owner to recover his illegal articles. And the case of *Spaulding* vs. *Preston*, 21 Vt., 10, is directly in point. But still, the question recurs, whether larceny can be committed of such prohibited things. And, to hold that it could not, would be to run the hazard of encouraging larceny by discouraging gaming.

The law punishes gaming and the keeping for gaming purposes articles of like character with those mentioned, and provides the mode of seizing and destroying them by the hand of an officer and the order of the magistrate. And it is perhaps more politic that resort be had to the mode prescribed by law for that purpose, than to encourage a re-

sort to theft for discouraging gambling. The cases cited from Massachusetts, where the subject was twice fully considered, take this view of it. *Commonwealth* vs. *Coffe*, 9 Gray, 137; *Com.* vs. *Rourke*, 10 Cush., 397; *Ward* vs. *People*, 3 Hill, 396.

I think, therefore, that this objection of the prisoner must be overruled.

There is nothing in the affidavits filed, or other objections to the verdict, to warrant the court in setting aside the verdict and awarding a new trial. There was, therefore, no error in the judgment of the circuit court, and the same must be affirmed with costs.

JUDGMENT AFFIRMED.