## Ellis and Connor v. Commonwealth.

(Decided January 13, 1920.)

### Appeal from Fayette Circuit Court.

1. Burglary—"Goods, Wares and Merchandise"—Definition.—In their common and ordinary usage and according to their established definitions these words embrace every species of tangible personal property.

2. Burglary—Housebreaking—Stealing Whiskey.—Under section 1164 of the Kentucky Statutes providing that it shall be a crime to break into a storehouse with the intent to steal therefrom goods, wares or merchandise or other thing of value, the stealing of whiskey is a punishable offense.

3. Burglary—Larceny—Housebreaking—Property, What Constitutes.——It is not necessary to constitute goods, wares or merch property of value that the article should be one it is lawful to trade or traffic in. An article of tangible personal property may be a thing of value to the owner although he may not be permitted to sell or dispose of it.

4. Burglary—Larceny—Housebreaking—Fact That Sale of Stolen Property or Its Possession is Unlawful Not Material.—It is not material whether the owner of property stolen was prohibited from having it in possession or denied the right to sell it. No inquiry will be made into the purpose for which the owner has or holds property that is stolen. The crime is complete when personal property consisting of goods, wares or merchandise, or other thing of value is stolen or taken away unlawfully.

FRANK L. McCARTHY for appellants.

CHARLES H. MORRIS, Attorney General, and CHARLES I. DAWSON, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Affirming.

The appellants, Ellis and Connor, were indicted by the grand jury of Fayette county charged with "unlawfully and feloniously breaking and entering into the storehouse of Z. Kafogolis on October 8, 1919, with the fraudulent and felonious intent to take, steal and carry

away therefrom articles of value and did then and there, unlawfully and feloniously take, steal and carry away therefrom one case of whiskey of the value of $36.00 and the property of Z. Kafogolis with the felonious and fraudulent intent to convert the same to their own use and to permanently deprive the owner of his property therein.''

On a joint trial they were each found guilty, their punishment being fixed at confinement in the state penitentiary for a term of three years.

The indictment was found under section 1164 of the Kentucky Statutes providing in part that ''If any person shall feloniously, in the night or day, break any . . . storehouse, . . . with intent to steal, or shall feloniously take therefrom or destroy any goods, wares, or merchandise, or other thing of value . . . he shall be confined in the penitentiary not less than one nor more than five years.''

On this appeal the argument of counsel for Ellis and Connor is that the motion made in arrest of judgment should have been sustained because the indictment, as well as the evidence, showed that the accused had not committed a public offense. This argument is rested on the ground that the whiskey was not at the time of the breaking and stealing complained of a thing of value, or goods, wares or merchandise within the meaning of the statute. And of course if this were so the accused, although the evidence clearly establishes that they broke into the place of Kafogolis and carried away therefrom a case of whiskey, did not commit any offense under the statute; because no offense under the statute can be committed unless the thing taken is ''goods, wares or merchandise'' and has some value, however small it may be.

It is true, as argued by counsel, that at the time the whiskey was taken the manufacture and sale of whiskey was prohibited by what is known as the ''Federal War Prohibition Act'' and also true that the owner of the whiskey could not at that time sell it on the market or otherwise, but the fact that the whiskey was not the subject of lawful traffic, or the fact that its sale was prohibited by law did not deprive it of its character as ''goods, wares or merchandise'' within the meaning of the statute, or of its value as goods or merchandise.

Webster defines ''merchandise''—''To trade or traffic in whatever is usually bought or sold in trade or market, or by merchants; wares; goods; commodities.'' ''Goods''

are defined as "wares; chattels; merchandise." One definition of "wares" is—"articles of merchandise, goods or commodities." It will thus be seen that the words "goods, wares and merchandise" in their common and ordinary usage and according to their established definitions embrace every species of tangible personal property. Whiskey of course was property and a thing of value before its sale was made unlawful, and plainly it did not lose its nature as property or as a thing of value by the prohibition of its sale. It yet remains an article of property, and property of value to the owner who had the legal right to keep and use it for his personal purposes. It is not necessary to constitute goods, wares or merchandise property of value that the article should be one that it was lawful to trade or traffic in, because an article of tangible personal property may be a thing of value to the owner, although he may not be permitted to sell or dispose of it in the manner he might sell or dispose of other articles of personal property.

So that in its last analysis the question raised by counsel comes to the point whether an article of personal property, which it is unlawful to sell or dispose of, may be the subject of larceny or robbery in the sense that a person who steals or carries it away may be punished under the statute.

The statute was designed to prevent and punish the unlawful taking of the property of another and it is not material whether the owner was prohibited from having it in possession, or denied the right to sell it. No inquiry will be made into the purpose for which the owner has or holds the property that is stolen. The crime is complete when personal property consisting of goods, wares or merchandise or other thing of value is stolen or taken away unlawfully, whether the offense is technically larceny, house breaking, or robbery. In determining the innocence or guilt of the accused in such a case the nature or character of the goods, wares or merchandise, or the use to which it may or can be put is not material if it is a thing of value. The robber or the thief cannot justify, mitigate or excuse his crime upon the ground that the owner, whose property was taken, was prohibited by law from having it in possession or selling or disposing of it.

The offense committed by the owner in having the possession of a thing that it is unlawful to possess will not be allowed to set off or obliterate the offense com-

mitted by the thief. If the owner has violated the law he may be punished in the manner provided by the law. His offense, if any, is entirely separate and distinct from that committed by the person who unlawfully took the property from his possession. The unlawful taking is one offense, the unlawful possession of the thing taken is another.

In Smith v. State of Indiana, —— Ind. ——, L. R. A. 1918 D, 688, Smith was charged with stealing a gambling device and his defense was that property owned and used for gambling purposes contrary to the statute was not the subject of larceny, but the court, citing many cases, held that such property was the subject of larceny.

In Osborne v. State, 115 Tenn. 717, 5 A. & E. Ann. Case. 797, the court said: "It is also well settled that a chattel kept for an unlawful purpose, such as intoxicating liquors kept for sale in violation of law, or gambling paraphernalia, the possession of which is prohibited, may be the subject of larceny."

In State v. May, 20 Iowa 305, the court in considering the question whether a person, who stole whiskey that was kept in violation of law, was guilty of larceny, said: "Larceny is a distinct crime from keeping liquors for sale contrary to the provisions of the statute; both, to be sure, are violations of law, but each has its own specific and appropriate penalty, and each must be dealt with by itself. Although liquor as an article of traffic is prohibited, and is liable when kept as such to be seized and destroyed, nevertheless, until this is done, it is in its essential nature property. It may at any time be withdrawn as an article of trade, and kept exclusively for private use. It is also confessedly property in the hands of him who keeps it alone for medicinal, mechanical, or sacramental purposes. Besides, it is a principle or rule of property, as old as common law itself, that the possession of one is good against all others who cannot show a better right of possession. Hence, he who steals a stolen article of property from a thief may himself be convicted, notwithstanding the criminality of the possession of his immediate predecessor in crime." To the same effect is Com. v. Smith, 129 Mass. 104; Bales v. State, 3 W. Va. 685.

Many other cases might be cited but the ones mentioned are sufficient as there is no conflict in the authority on this subject.

Wherefore the judgment is affirmed.