# COURT OF APPEALS.

## April 17, 1923.

## THE PEOPLE v. JOHN F. OTIS.

### (235 N. Y. 421.)

(1) LARCENY—THEFT OF WHISKY ILLEGALLY POSSESSED CONSTITUTES LARCENY.

Larceny is the illegal taking of some article of value with the intent to deprive the true owner of his property or to appropriate it to the use of the taker or of another. (Penal Law, § 1290.) Value in and ownership of the thing taken are essential elements of the crime. The value of a chattel to its possessor, however, is not the test as to whether it is the subject of larceny. It is enough if the object taken has inherent value.

(2) SAME.

Whisky has inherent value. It may be sold by the government and the proceeds covered into the treasury. It may be sold by druggists. That it is held illegally is immaterial.

(3) SAME—PROVISION OF NATIONAL PROHIBITION ACT THAT NO PROPERTY RIGHTS SHALL EXIST IN LIQUOR ILLEGALLY POSSESSED INTENDED TO AID IN ENFORCEMENT OF PROHIBITION LAW NOT TO LICENSE THEFT.

The provision of the National Prohibition Act (§ 25) that ''no property rights shall exist in liquor illegally possessed'' is not intended to license theft of such liquor but solely to protect government officials in the exercise of their duties. It is merely a police regulation adopted to aid the enforcement of the prohibition law and to be applied with that end in view. The intention of Congress went no further.

(4) SAME.

In this case the barrels containing the liquor were also taken. While no reference was made to them in the charge to the jury, they are mentioned in the indictment. To them the provision of the statute does not apply. They were chattels having some value. This is enough in itself to sustain the conviction.

People v. Otis, 200 App. Div. 852, affirmed.

(Argued March 5, 1923; decided April 17, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the Fourth Judicial Department, entered December 27, 1921, which affirmed a judgment convicting defendant of the crime of petit larceny.

*Francis E. Cullen,* for appellant. The crime of simple larceny could not be committed by taking the unlawfully possessed whiskey in question. (People v. Spencer, 201 Pac. Rep. 130; State v. Lynnes, 26 Ohio St. 400; Blankenship v. Comm., 112 S. E. Rep. 622.)

*Don A. Colony, District Attorney (Harry M. Stacy,* of counsel), for respondent. Unlawfully possessed whiskey has a value and is the subject of larceny. (Ward v. People, 3 Hill, 309; State v. May, 20 Iowa, 305; Com. v. Coffee, 9 Gray [Mass.] 139; Com. v. O'Rourke, 10 Cush. 397; Smith v. Dinklespiel, 91 Ala. 528; Howe v. Jolly, 68 Miss. 323; Fuller v. Bean, 30 N. H. 181; Monty v. Arneson, 25 Iowa, 386; United States v. Crossen, 264 Fed. Rep. 459.)

ANDREWS, J.:

The appellant, having been indicted for stealing a quantity of whiskey, was convicted of petit larceny. The whiskey in question was unlawfully possessed under the provisions of the National Prohibition Act. Under such circumstances may the conviction be sustained?

Larceny is the illegal taking of some article of value with the intent to deprive the true owner of his property or to appropriate it to the use of the taker or of another. (Penal Law, § 1290.) Value in and ownership of the thing taken are essential elements of the crime. Here the existence of either of these prerequisites is denied.

With certain exceptions the possession of intoxicating liquor is now unlawful. Liquor so possessed may not be sold, transported or delivered to anyone. It may be seized by the gov-

ernment. The possessor, not being able to make any legal use of it, it is said the liquor itself has no value. This is, however, to make the value of a chattel to its possessor the test as to whether it is the subject of larceny. Such is not the rule. (People v. Gilbert, 163 Mich. 511.) It is enough if the object taken has inherent value. (Commonwealth v. Riggs, 14 Gray, 376.) No one can doubt that whiskey has such value. It may be sold by the government and the proceeds covered into the treasury. It may be sold by druggists. That it is held illegally is immaterial. (Ward v. The People, 3 Hill, 395; Commonwealth v. Coffee, 9 Gray, 139; Commonwealth v. Smith, 129 Mass. 104; Ellis v. Commonwealth, 186 Ky. 494; Smith v. State, 187 Ind. 253; State v. May, 20 Iowa, 305; Bales v. State, 3 W. Va. 685; State v. Donovan, 108 Wash. 276.)

The statute further provides that "no property rights shall exist" in liquor illegally possessed. There can be no larceny of property not subject to ownership. How then, it is asked, may there be larceny of such liquor? If we give the broadest possible construction to these words there is no answer, for it must be conceded that to enforce the recent amendment to the Constitution, Congress may declare that to steal liquor shall no longer be a crime. It might think it wise to license theft so as to discourage intoxication. We should not, however, readily impute to it such a design. (Commonwealth v. Rourke, 10 Cush. 397.) Certainly the earlier declaration of the same statute that its provisions are to be "liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented" gives no indication of such a purpose. To so construe the language of section 25 would be to encourage the transportation, distribution and consumption of liquor by the thief.

The truth is that sections 25, 26, and 27 are but three of a number of sections providing remedies by which the statute may be more conveniently enforced. A separate sentence or clause is not to be wrenched from its context. The sections are to be

construed as a whole in the light of their general object.     We start with the presumption that the possession of liquor is illegal.     (Section 33.)     Such liquor may be seized.     Search warrants may be issued, but not with regard to private dwellings with some exceptions.     If being transported the officer making the seizure shall also take possession of the vehicle in which it is found.     All this is to be followed by an orderly procedure in court.     The court shall dispose of the liquor if it finds that it was unlawfully possessed.     The court may order it destroyed, or may order that it be delivered to the government. The court is to deal with the vehicle in which the liquor may have been transported.     Mingled as it is with these provisions the clause as to property rights was clearly intended solely to protect government officials in the exercise of their duties. Questions had arisen as to the taking and destruction of property illegally used without a formal condemnation by court decree.     (Lawton v. Steele, 152 U. S. 133.)     It was there said that the owner of property so taken had his remedy.     He might, if the use of the property was not in fact illegal, replevy it or have an action for its value, and in such cases the burden would be on the defendant to prove jurisdiction.     It was to answer as far as possible these suggestions, to protect the officer making the seizure or destroying the liquor, to secure the title of him who might purchase the liquor from the government, to permit a summary remedy by court decree, possibly also to vest immediately the title to such liquor in the State (People v. Case, 190 N. W. Rep. 289), that the provisions as to presumptions and as to property were enacted.     However broad the language used its effects should be confined to the purposes for which it was intended.     Property rights in such liquor are not forever ended.     They pass to the government.     They pass from it to a purchaser.     Section 25 is merely a police regulation, adapted to aid the enforcement of the prohibition law and to be applied with that end in view.     The intention of Congress went no further.

It is to be noticed also that in the case before us the barrels containing the liquor were taken. While no reference was made to them in the charge to the jury, they are mentioned in the indictment. To them the provision of the statute does not apply. They were chattels having some value. This is enough in itself to sustain the conviction.

The judgment appealed from should be affirmed.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN and CRANE, JJ., concur; POUND, J., concurs in result; HOGAN, J., not voting.

Judgment affirmed.