## No. 11,416.

### THE PEOPLE v. KILPATRICK, ET AL.

Decided April 12, 1926.

Defendants in error were tried for the larceny of intoxicating liquor, and acquitted by direction of the court.

### Judgment Disapproved.

1.  STATUTES—*Construction.* Absurd interpretations will not be given statutes when reasonable ones may be resorted to.

2.  INTOXICATING LIQUOR—*Property Rights.* The condition of section 3720, C. L. '21, that there shall be no property rights in intoxicating liquor, etc., is terminated when the liquor is lawfully seized by officers acting in their official capacity.

3.      *Larceny.* Intoxicating liquor even in the unlawful possession of its custodian may be the subject of larceny or embezzlement.

*Error to the District Court of the City and County of Denver, Hon. Henry Bray, Judge.*

Mr. FOSTER CLINE, Mr. A. L. BETKE, for the people.

No appearance for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANTS were charged with embezzlement, larceny, and larceny as bailees, of intoxicating liquor. On their motion the court directed an acquittal. The district attorney brings the cause here under section 7113, C. L. 1921, to review a question of law involved in that judgment.

The information charges that defendants, on October 1, 1924, were police officers of the City and County of

Denver and as such had in their possession seventeen cases of intoxicating liquor, of the value of $40.00 per case, which they converted to their own use. When arraigned they stood mute and pleas of not guilty were ordered entered by the court. Counsel for the prosecution, in his opening statement, told the jury the people would prove that one Mrs. Molinsky was unlawfully possessed of the liquor in question; that defendants, in their official capacity, seized it when they searched her place and arrested her; that defendant Sager thereafter falsely testified that he and his associates stored the seized liquor in the city vaults, but that they never in fact accounted to the city for any of it, and that Kilpatrick later sold eight cases of it to a Denver "bootlegger." Counsel for defendants reserved their opening statement, objected to the introduction of any evidence on behalf of the people, and moved, ore tenus, for directed verdicts on the ground that intoxicating liquor could not be the subject of larceny or embezzlement. The motion was sustained and the people excepted.

The state statute on which defendants' motion was based reads: "There shall be no property rights of any kind whatsoever in any liquors, vessels, appliances, fixtures, bars, furniture, implements, wagons, automobiles, vehicles, contrivances, or any other things or devices used in or kept for the purpose of violating any of the provisions of this act." Sec. 3720, p. 1103, C. L. 1921.

Defendants' position was that by reason of this statute intoxicating liquor is so completely outlawed that if a home be broken into to get it there is no burglary; if a citizen be held up at the point of a pistol and deprived of it there is no robbery; if one person purloin it from another there is no larceny; and that police officers, under the cloak of the law, may wrest it from the possession of those who have no legal right to it, and consume it with impunity. If the contention is good as to the liquor itself it is equally good as to all other articles mentioned in the statute when once they have been contaminated

by contact with the traffic, and as to each, under such circumstances, the sole remaining law is—

"The good old rule, the simple plan,
   That they should take who have the power
   And they should keep who can."

We have not been favored with any brief on behalf of the proponents of this doctrine, but so grave is our doubt of the efficacy thereof that perhaps the absence of such argument will not be a serious impediment to a correct conclusion.

The construction given the act in question by the trial court is fraught with such momentous and disastrous results that we would need go no further than invoke against it the fundamental rule that absurd interpretations will not be given statutes when reasonable ones may be resorted to. A reasonable one here lies at hand. This law does not declare that there shall be no property rights in the things mentioned, but that there shall be no property rights in them "used in or kept for the purpose of violating any of the provisions of this act." When the city, through these officers acting in their official capacity, lawfully seized this liquor, the condition mentioned was terminated.

In sustaining defendants' motion the trial court cited as authority therefor *Pasch v. People,* 72 Colo. 92, 209 Pac. 639. In that case we held the statute in question a complete answer to the claim of plaintiff in error that on motion he was entitled to have returned to him admittedly contraband liquor which had been taken without due legal formality, and held contrary to a court order, and that it could not therefore be used as evidence against him. That case has no application here. The trial court also relied upon *People v. Spencer,* 54 Cal. App. 54, 201 Pac. 130, in which the District Court of Appeal of California construed a similar provision of the federal statute known as the Volstead Act, which provision was also invoked by defendants in the instant

case. If the rule in the Spencer case were correct it would not necessarily support this judgment because there the defendant was charged with burglary in breaking and entering with intent to take from one in unlawful possession. It must not, however, be understood from the foregoing that we approve the doctrine of the Spencer case, even as applied to the facts there under consideration. We expressly disapprove it. That cause was decided in August, 1921. More than a year later the United States Circuit Court of Appeals for the fourth circuit held the contrary in interpreting the same statute, saying: "There is nothing in the point that contraband liquor cannot be the subject of larceny and embezzlement. The trend of authorities to the contrary is unbroken." *Hoback v. U. S.,* 284 Fed. 529, 532.

The purpose of this act was to limit civil rights, not criminal liability; to prevent the use of the law as a weapon of offense by the lawbreaker, not to make one crime a shield for the protection of the perpetrator of another. To all demands for possession of contraband, or damages for its conversion, it returns its fiat, "no property"; to the thief who seeks its shelter it says, "no asylum." *People v. Wilson,* 298 Ill. 257, 131 N. E. 609; *People v. Otis,* 235 N. Y. 421, 139 N. E. 562; *State v. Schoonover,* 122 Wash. 562, 211 Pac. 756; *Arner v. State* (Okl.), 197 Pac. 710.

The ruling of the trial court was erroneous and the judgment is disapproved.

MR. JUSTICE DENISON not participating.