THOMAS M. ¡CATE *v.* FRANK E. HALEY.

*(March* 31, 1931.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*James R. Morford* (of Marvel, Morford, Ward & Logan) for plaintiff.

*David J. Reinhardt* for defendant.

Superior Court for New Castle County, March Term, 1931. No. 9, January Term, 1930.

PENNEWILL, C. J., delivering the opinion of the court:

In view of the pleadings the Court may assume that the goods and chattels of the plaintiff, taken and detained, were devices used only for gambling; that they were placed by the plaintiff or his agents in the locations mentioned in the declaration, and there maintained for the sole and unlawful purpose of carrying on and maintaining gambling in violation of the laws of this state; that the defendant and other officers made an investigation and saw the goods and chattels operated as gambling devices, whereupon they were seized by defendant and are now held by him to be used as evidence in the prosecution of the plaintiff upon a charge of gambling and of maintaining slot machines in this State or to be disposed of in accordance with the order of this court; that the plaintiff is a non-resident and has not yet been apprehended.

A statute of this state, *Revised Code*, § 3574, makes the use, exhibition or maintenance of slot machines unlawful.

The question raised by the pleadings, and before the court for determination is this: Can the plaintiff recover in this action articles being used for the sole and unlawful purpose of carrying on gambling, and which could not be used for any lawful purpose?

The Court are of the opinion that the goods and chattels in question cannot be recovered by the plaintiff, and this conclusion is sustained by many authorities. None have been cited to the contrary.

In *Robertson v. Porter*, 1 *Ga. App.* 223, 57 *S. E.* 993, 995, the action was in trover, and the court said:

"Courts are created for the upholding of the law and of morals, and will therefore decline to allow their processes to be used to further the maintenance of crimes and public evils. The law has the right of self-defense. It will not, by its own strong arm, assist in placing into the possession of any one instrumentalities designed for no other purpose than the breaking of the law. * * * The plaintiff, by his demurrer, is not entitled to challenge the legality of the raid, or of the methods by which the property was seized, or of the purposes for which it was being held. So long as he concedes, as he must do in order to demur, that the articles sought to be recovered are instrumentalities of crime, designed for that use and intended to be returned to that employment, the law will not hear him at all."

In *Police Com'rs for City of Baltimore v. Wagner*, 93 *Md.* 183, 48 *A.* 455, 456, 52 *L. R. A.* 775, 86 *Am. St. Rep.* 423, which was an action of replevin to recover a musical slot machine, strikingly similar to the instant case, one of the pleas was that the article was a gambling device intended to be used in violation of the gambling laws, which could be put to no other ·use, which was detained by the defendant to prevent such violation, and to be used, if necessary, as evidence against the plaintiff. There was a replication stating:

"There was no charge pending against the plaintiff for any violation of the gambling laws of this or any other state; that the plaintiff was not arrested, nor has he since been arrested, nor any warrant issued for his arrest, on any such charge, nor has any such charge been preferred against him."

The defendant demurred to the replication. The Appellate Court said:

"The contentions of the respective parties turn upon the question whether a machine of that character, seized summarily by a police officer, can be recovered in an action of replevin. The appellant contends * * * that it is an instrument incapable of being put to any legitimate use, and was designed * * * for violating the gambling laws of the state, it is an *instrumentum malum in se*, hurtful in character to the public peace and morals, and as such

is subject to summary seizure and detention under the police power of the state; and therefore the action will not lie."

In the case of *Mullen & Co. v. Moseley*, 13 *Idaho* 457, 90 *P.* 986, 988, 12 *L. R. A.* (*N. S.*) 394, 121 *Am. St. Rep.* 277, 13 *Ann. Cas.* 450, which was also one of replevin, the court used this language:

"Without reviewing the authorities or going into any extended consideration of the reasons presented in support of the principle they announce, we are content to hold that the appellants cannot maintain their action in replevin or claim and delivery for the recovery of articles that they admit are devised and constructed solely and exclusively for gambling purposes, and are only capable of use in violating the laws of this state. This court will not countenance an action looking to the recovery of such an article or articles. It is conceded that the only possible value they can have is for use in violating the penal statutes of this state; that, in order to be valuable and command any price in the market, it is necessary that they be used in the commission of crime. * * * The plaintiffs, under such circumstances, have no standing in court."

In another action to recover possession of gambling machines, the court said:

"No Court of Justice can, in its nature, be made the handmaid of iniquity. Courts are instituted to carry into effect the laws of a country. How can they then become auxiliary to the consummation of violations of the law? * * * There can be no legal remedy for that which is itself illegal." *United States Bank v. Owens*, 2 Pet. 538.

There are many other cases to the same effect as those mentioned, and we cite only the following: *Spalding v. Preston*, 21 *Vt.* 9, 50 *Am. Dec.* 68; *Bales v. State*, 3 *W. Va.* 685.

In the last-mentioned case the court said:

"That they [gambling appliances] could not have been recovered by action, is clear on the general principle that no court would lend its aid to the guilty keeper or owner to recover his illegal articles."

The same principle was recognized and upheld by the court in the Delaware case of *State v. Chuchola*, 2 *W. W. Harr.* (32 *Del.*) 133, 120 *A.* 212, 214, when it said:

"Upon what theory of justice or reason has any one the right to have returned to him * * * a weapon with which he has committed a murder?"

The Court feel constrained to hold, upon reason as well as authority, that the plaintiff cannot recover the articles in question and his demurrer to the defendant's pleas is, therefore, overruled.