THE STATE OF FLORIDA, *Appellant,* vs. ONE HUDSON ROADSTER AUTOMOBILE, Motor No. 596984, *Appellee.*

139 So. 821.

Division A.

Opinion filed February 19, 1932.

*Welch & Solomon,* for Appellant;

*Thomas E. Walker,* for Appellee.

BUFORD, C.J.—This was a statutory proceeding in the Circuit Court of Jackson County under the provisions of

section 5483 R. G. S., 7627 C. G. L., to determine whether or not a certain automobile should be adjudged forfeited to the State of Florida because of its use in the unlawful transportation of intoxicating liquor. The sheriff filed his affidavit, as is required by the statute, and thereupon the Circuit Judge issued the notice directed to the person in whose possession and control the automobile in which the intoxicating liquor was alleged to have been transported was at the time of such alleged transportation.

It was admitted that on the 24th day of August, 1931, one Ben C. Hughes was found transporting one gallon of intoxicating liquor commonly known as rum or moonshine whisky on the public highway in Jackson County, Florida; that such liquor was being transported in the automobile which was then seized and as to which this proceeding was instituted.

On the 1st day of September, 1931, Mrs. Ben C. Hughes intervened and filed a claim affidavit wherein she claimed that she was the owner of the automobile seized and sought to be declared forfeited.

Thereafter testimony was taken before the Judge of the Circuit Court to determine the validity of the claim of Mrs. Hughes. After hearing the evidence, the court made the following order:

"IN RE: One Hudson Roadster Automobile, Motor #596984.

This cause coming on before me to be heard upon an issue joining wherein the State of Florida is Plaintiff, and one Mrs. Ben C. Hughes is claimant to an automobile described as a Hudson Roadster, motor #596984, and it appearing that all parties to this cause have had due notice of said hearing, and counsel being present, the Court after due consideration finds that the title to said car is in one Ben C. Hughes.

IT IS THEREFORE ORDERED AND DECREED that Ben C. Hughes pay all the costs accrued in this

cause and that upon his doing so that the Sheriff restore the said automobile to the said Ben C. Hughes.

DONE, ORDERED AND DECREED this the 1st day of September A. D. 1931, in the City of Marianna, Jackson County, Florida."

From this order appeal was taken, as is provided by statute.

There is no question but that the automobile which is the subject of this litigation was being used by Ben C. Hughes at the time it was seized in transporting intoxicating liquor along the public highway in Jackson County, Florida. The only question presented for determination by the Circuit Court was whether or not the automobile was being used by Hughes with the knowledge and consent of the owner. The Circuit Judge after hearing the evidence held and adjudged that Ben C. Hughes was then and there the owner of the automobile. Having arrived at this conclusion there was no discretion in the Circuit Judge to determine whether or not the automobile should be forfeited to the State of Florida. If the conditions prescribed by statute are shown to exist, then the forfeiture follows as a statutory provision. It is true that the following language appears in the statute:

"The circuit judge shall determine whether the evidence adduced proves beyond a reasonable doubt that such things are forfeited and make his written order accordingly. And if he shall determine in the affirmative such things shall be destroyed or sold by the sheriff in the same manner and upon the same terms and conditions as is provided in sections 7625 and 7626, but if he shall determine in the negative respecting all or any of such things, the part not forfeited shall be returned to the person legally entitled thereto."

This language means that the Circuit Judge shall determine whether the evidence adduced proves beyond a

304

reasonable doubt that the property was being used by the owner, or with the knowledge and consent of the owner, in violation of the statutes prohibiting the possession, transportation, manufacture or sale of intoxicating liquors and does not mean that the circuit court is vested with discretion to determine whether or not a forfeiture will be imposed.

Inasmuch as the Circuit Judge determined and adjudged that the title to the automobile was in Ben C. Hughes at the time of its use in the unlawful transportation of intoxicating liquor and at the time of its seizure, it necessarily follows that the automobile must be declared forfeited to the State of Florida and that the order of the Judge directing that the automobile be restored to Ben C. Hughes constituted error.

The order of the Court appealed from should be reversed insofar as the automobile's restoration to Ben C. Hughes is concerned, with directions that an order be entered decreeing the forfeiture of the proprty and authorizing its sale as is provided by law. It is so ordered.

Reversed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.