CHARLES GREGORY, and PUEGE NELSON, *Plaintiffs in Error,*
vs. THE STATE OF FLORIDA, *Defendant in Error.*

143 So. 304.

Division B.

Opinion filed August 5, 1932.

*Roger Edward Davis,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby affirmed. See State v. Schoonover, 122 Wash. 562, 311 Pac. Rep. 756; Devitt v. People (People v. Wilson), 298 Ill. 257, 131 N. E. Rep. 609; Hoback v. United States, 284 Fed. Rep. 529; People v. Otis, 235 N. Y. 421, 139 N. E. Rep. 562; Re v. Commonwealth, 230 Ky. 656, 20 S. W. Rep. (2d) 484, 66 A. L. R. 1297; Ellis v. Commonwealth, 186 Ky. 494, 217 S. W. Rep. 368, 11 A. L. R. 1030; Burgess v. State (Md.), 155 Atl. Rep. 153, 75 A. L. R. 1471; 36 C. J. 747, as to larceny of contraband intoxicating liquor.

Affirmed.

BUFORD, C.J., AND WHITFIELD, TERRELL AND BROWN, J.J., concur.

ELLIS AND DAVIS, J.J., concur specially.

DAVIS, J. (Concurring).—The information charged that the defendants assaulted and put in bodily fear and

danger of his life one Sam Lord and did feloniously and by force rob and steal from him a Lincoln automobile of the value of two thousand dollars. A second count charged the same offense with reference to sixty cases of intoxicating liquor in the automobile, of the value of one thousand dollars. The verdict was a general verdict of guilty on both counts. The sentence was life imprisonment under the statute. Section 7157 C. G. L.

Respectable authority, supported by cogent reasoning, holds that intoxicating liquor manufactured in violation of state and Federal laws on the subject cannot be subject of larceny, which would imply that it is also not subject to the offense denounced by section 7157 C. G. L., supra, in view of our statute 7627 C. G. L. which declares the right of property not to exist in intoxicating liquor. See People vs. Spencer, 201 Pac. 130, 54 Cal. App. 54.

This was a typical case of what is now popularly known as "hi-jacking" wherein the defendants attempted to "hi-jack" a load of liquor in a Lincoln automobile and steal both the car and the liquor.

They did both and the evidence being sufficient to make out the offense with reference to the Lincoln automobile, the penalty imposed is authorized because the offense charged in the first count is fully made out, even if we eliminate the liquor from consideration.

There is authority both ways on the proposition whether intoxicating contraband liquor can be the subject of larceny, but where other property rights are interfered with by criminal acts, it seems clear that the fact that liquor was involved in the offense, does not exempt the offender from the consequences of his crime so far as this other property is concerned.

ELLIS, J. (Concurring).—I think the judgment should be affirmed. The two persons accused of robbery being armed with dangerous weapons and having the intent if

resisted to kill or maim the person robbed, were convicted upon evidence amply sufficient to establish the elements of the offense, if the property alleged to have been stolen was the subject of larceny. The information is in two counts. The first count alleged that the property taken consisted of one Lincoln automobile of the value of one thousand dollars, and one Chrysler automobile of the value of five hundred dollars, and sixty cases of intoxicating liquor of the value of two thousand dollars of the property and goods of Sam Lord. The second count alleges that the property taken was one Lincoln automobile and sixty cases of intoxicating liquor of the same value and the property of Andrew Brown.

The verdict assuming it to be sufficiently definite in meaning recited that the jury found the defendants, naming them, guilty as charged. That was a general verdict upon both counts. Such verdict in this case was not so inconsistent in law as that a judgment of conviction could not rest upon it.

The only remaining question to be considered is whether the intoxicating liquor and the vehicles used to facilitate its transportation were property which may be the subject of larceny. Sec. 7157 Com. Gen. Laws, 1927.

The trial court both in the admission of evidence and his charges to the jury held that such property may be the subject of larceny. There was no error in such holding. See Arner v. State, 19 Okla. Cr. Rep. 23, 197 Pac. Rep. 710.

Section 7627 Compiled General Laws, 1927, has no relation to the subject in my view of the law. There is no contention that the whiskey and the automobile were without value, the defense being that Lord and Brown, had no property rights in the property because of the existence of Section 7627, *supra*. That statute denounces certain property as contraband and proscribes a procedure for its

forfeiture, and it is the business of the State through its duly constituted officers to take the action which the law prescribes. The forfeiture takes place only upon the adjudication of the rights of the owner after hearing or opportunity to be heard on the facts. Then the statute operates upon such judgment leaving the court without any discretion in the matter. See State v. One Hudson Roadster Automobile, 104 Fla. 301, 139 South. Rep. 821.

It could never have been the purpose of the Legislature, notwithstanding the opinion in some quarters that legislation often discloses unconventional, even erratic purposes, to give to highwaymen the privilege to hold up under the threat of killing if resisted, a person in possession of contraband property and take it away from him by force. Nor may the language of the act referred to above be twisted into any such meaning.

One phase of the crime of murder in the first degree is the unlawful killing of a human being when committed in the perpetration or attempt to perpetrate any robbery. In such cases the element of premeditation is not involved and constitutes no ingredient of the offense. See Sec. 7137 Com. Gen. Laws, 1927.

If the property described in the information was not the subject of larceny and Brown or Lord had been killed by one of the persons accused of perpetrating the robbery, would the law permit them to say in defense of the charge of murder that the property which they took, not being the subject of larceny, that it could not be said that they had perpetrated robbery or attempted to perpetrate it, and as they were not charged with the unlawful killing of a human being from a premeditated design to take life they could not therefore be lawfully deemed to be guilty. Such would be the inevitable and to which the contention leads that the Act, Sec. 7157, *supra,* takes from the goods and chattels described the elements of property and renders it

858

not such goods or chattels as are the subject of larceny.

I therefore concur in the conclusion that the judgment should be affirmed.

BROWN, J., concurs.