FRANK BULWAN v. STATE OF NEBRASKA.

FILED JUNE 22, 1934.   No. 29187.

*Guy A. Hamilton,* for plaintiff in error.

*Paul F. Good, Attorney General,* and *Daniel Stubbs, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LIVINGSTON, District Judge.

GOSS, C. J.

Defendant brings error proceedings because of a conviction and sentence for breaking and entering a residence with intent to steal property of value.

The information was laid under section 28-538, Comp. St. 1929, being a part of a long and inclusive chapter on "Crimes and Punishments." The evidence was sufficient to justify the jury in finding that defendant (and others not on trial) forcibly broke a door, entered the farm home of Leo Koehn and took therefrom a five-gallon jug containing wine. The state proved that the jug was worth $1.50. There was no specific proof of the value of the wine, nor whether the wine was intoxicating, nor whether Koehn's possession of it in his home was unlawful. Defendant did not testify.

Defendant argues that neither the jug nor the wine is property and quotes, in support thereof: "There shall be

no property rights of any kind whatsoever in any liquors, vessels, appliances, fixtures, bars, furniture and implements kept or used in violation of any provision of this act." This excerpt is quoted from section 53-137, Comp. St. 1929, and is a part of the original liquor act adopted in 1917 in aid of the constitutional amendment prohibiting, after May 1, 1917, the manufacture, sale and keeping for sale or barter, of intoxicating liquors. The act specifically repealed sections 3844 to 3894, Rev. St. 1913, being the former liquor laws. Laws 1917, ch. 187. Section 53-101, Comp. St. 1929, includes wine among the liquids defined as intoxicating. Section 11 of the act, now section 53-111, Comp. St. 1929, authorizes a person to keep or possess in his private dwelling-house intoxicating liquor in an amount "reasonably sufficient for his personal use and needs." This section further provides that "the possession, in and of itself, of any intoxicating liquor * * * in a private dwelling-house *by the person against whom the violation of the act is charged* shall constitute *prima facie* evidence that such liquor was kept by such person with the purpose of unlawful sale, use or disposition in violation of law." (Italics ours.)

It will be noted that the possessor of intoxicating liquor has a right to keep an amount reasonably sufficient for his own needs and the statute does not negative his property rights in the liquor or its container unless the liquor be kept or used in violation of the provisions of the liquor act. Possession in a private dwelling-house is not *prima facie* evidence that liquor is kept in a home for an unlawful use except by the person "against whom the violation of the act is charged." Leo Koehn was the possessor of the wine. He was not charged with any violation of the liquor laws and was not even a witness at this trial of defendant for breaking and entering. At common law the jug and its contents were property. Their qualities as property could, it may be conceded, be destroyed by the legislature, but it cannot be held that the legislature intended so to change their meaning unless it did so clearly

and unequivocally. Especially is this true in cases like this wherein the state seeks to protect its citizens in their homes from the offense of burglary of which murder is so often a resulting crime.

In support of his position defendant cites *People v. Spencer* (1921) 54 Cal. App. 54, in which that court held that wine of the content charged in the information was the subject neither of larceny nor burglary. The information had in terms charged burglary of wine containing more than one-half of one per cent. by volume of alcohol, said wine having been manufactured since January 20, 1921. The trial court had sustained a demurrer to the information and the appellate court affirmed the judgment. We do not find that the supreme court passed upon the case.

This California decision is contrary to the almost unanimous weight of authority. In *People v. Otis,* 235 N. Y. 421, the court affirmed a conviction for the larceny of whisky illegally possessed. It held: "The provision of the National Prohibition Act (sec. 25) that 'no property rights shall exist in liquor illegally possessed' is not intended to license theft of such liquor but solely to protect government officials in the exercise of their duties. It is merely a police regulation adopted to aid the enforcement of the prohibition law and to be applied to that end in view. The intention of congress went no further." The case was taken to the supreme court of the United States on certiorari but was finally dismissed for failure of the petitioner to prosecute. *People v. Otis,* 266 U. S. 608.

In *Burgess v. State,* 161 Md. 162, it was held: "Contraband liquor is the subject of larceny, the purpose of the Volstead Act, in providing that 'no property rights shall exist' in liquor illegally possessed, being to limit civil rights, not criminal liability." That case is reported in 75 A. L. R. 1471. On page 1479 is an annotation supplementing an early annotation and citing new cases on the subject from a dozen jurisdictions. We quote one paragraph from the note:

"The unanimous view of the earlier cases, to the effect that intoxicating liquors which have become outlawed by reason of a prohibition against their being held for unlawful purposes may yet be the subject of larceny, since property rights in such liquors have been forfeited only to the extent that they cannot be unlawfully sold or transferred, has been further adopted in all the jurisdictions passing upon that point, with the single exception of California."

In the instant case the information did not charge the intent to take either the jug or the wine, but charged in effect the intent to take property of value. The specific value of the jug was proved on the trial. No specific value of the wine was testified to, but the evidence shows that defendant and his associates took it, divided it up into smaller containers, and that some, at least, of the wine was consumed. By using it they established that it had value. So both the wine and the jug were property of some value. The intent to take them was established by the fact that defendant took them when, as the jury found, he broke and entered the private dwelling of their owner. We are of the opinion that wine and the jug containing it, in the private dwelling-house of the owner, constitute property of value, subject to the crime of breaking and entering with intent to steal.

All other errors assigned, including instructions and rulings on evidence, have been examined and found not prejudicial. We think, however, that the sentence of two to three years is excessive. Under authority of section 29-2308, Comp. St. 1929, the sentence is reduced to one year. As so modified, the judgment of the district court is affirmed.

AFFIRMED: SENTENCE REDUCED.