No. 32,776

THE STATE OF KANSAS, *Appellee,* v. LOYD STONER, *Appellant.*

(58 P. 2d 472)

Opinion filed June 6, 1936.

*A. W. Relihan, T. D. Relihan,* both of Smith Center, and *W. A. Barron,* of Phillipsburg, for the appellant.

*Clarence V. Beck,* attorney general, *Earl B. Swarner, Theo. F. Varner,* assistant attorneys general, and *Frank Hahn,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted of felony in two counts, one for burglary in the second degree and one for grand larceny. On the first count he was sentenced to a term of five to ten years in the penitentiary, and on the second count he was sentenced to a term of one to five years, both sentences to run concurrently.

The state's evidence in brief tended to show that defendant broke into an icehouse in the city of Kirwin in the nighttime and stole therefrom a number of beer kegs and their contents of the value of $54.50. The sheriff recaptured a considerable part of the beer, and on expert analysis it was shown to contain 3.8 percent alcohol by volume and 3.4 percent by weight.

The trial court gave the jury this instruction:

"10. You are instructed that under the laws of the state of Kansas, a person cannot lawfully have intoxicating liquor in his possession, but if you should find and believe that the liquor in question was intoxicating liquor, yet that would not justify or excuse the defendant in the taking, stealing and carrying it away from the ones in possession of it, if you find that he did so steal, take and carry it away. Such intoxicating liquor is the subject of

larceny, and it will be your duty if you find the defendant guilty of stealing the same to find and determine the value of said liquor along with the containers of the same."

Error is assigned on the giving of this instruction. Defendant contends that since intoxicating liquor cannot be the subject of lawful possession under our "bone-dry" law (R. S. 21-2101) it could not be the subject of larceny. He also refers to our statute which declares that the theft of any personal property of the value of $20 or more is grand larceny, and argues that beer of an intoxicating quality, such as this was shown to be, does not have the attributes of property or value so that it could be the subject of grand larceny. The diligence of defendant's counsel has unearthed a decision from a respectable court to that effect. (*People v. Spencer,* 54 Cal. App. 54, 201 Pac. 140.) But a later decision from another California court of coördinate rank declined to follow the case just cited, in *People v. Odenwald,* 104 Cal. App. 203, 285 Pac. 406; and the supreme court of California denied a review of the latter case. So, too, the supreme court of Nebraska, in *Bulwan v. State,* 127 Neb. 436, 255 N. W. 559, and the supreme court of Florida, in *Gregory et al. v. State,* 107 Fla. 854, 143 So. 304, have rejected the doctrine of the Spencer case, *supra,* holding with the great weight of authority to the rule of law announced in the criticized instruction. (See, also, *Ellis and Connor v. Commonwealth,* 186 Ky. 494, 217 S. W. 368, 11 A. L. R. 1030; and *Burgess v. State,* 161 Md. 162, 155 Atl. 153, 75 A. L. R. 1472.) In the latter case, where the question whether contraband liquors could be the subject of larceny was raised, the court said:

"If, however, this question were properly presented, we would have no hesitancy in holding that contraband liquor is the subject of larceny. This is practically the uniform holding of the courts throughout the country, before and since the passage of the Volstead act. (*Commonwealth v. Rourke,* 10 Cush. (Mass.) 397; *Commonwealth v. Smith,* 129 Mass. 104; *Fears v. State,* 102 Ga. 279, 29 S. E. 463; *State v. Donovan,* 108 Wash. 276, 183 P. 127; *Ellis v. Commonwealth,* 186 Ky. 497, 217 S. W. 368; *People v. Kilpatrick,* 79 Colo. 303, 245 P. 719, 720; *People v. Otis,* 235 N. Y. 421, 139 N. E. 562; *People v. Wilson,* 298 Ill. 257, 131 N. E. 609; *Ray v. Commonwealth,* 230 Ky. 656, 20 S. W. 2d 484; 66 A. L. R. 1297; 11 A. L. R. 1030, note; 66 A. L. R. 1297, note; 36 C. J. 747.)" (p. 167.)

In a criminal prosecution for larceny it is immaterial that the stolen property at the time of its theft may have been held unlawfully in the possession of the person from whom it was stolen. The

state can deal with the offender who possessed it unlawfully when it will. That matter is no concern of the thief nor does it plead any defense to the larceny. See the analogous cases of *State v. Stark*, 63 Kan. 529, 66 Pac. 243, and *State v. Boies*, 68 Kan. 167, 74 Pac. 630.

The record contains no error and the judgment is affirmed.