Robert P. Kennedy, J.
The defendant was indicted by the Monroe County Grand Jury in an indictment containing two counts; the first count charging him with burglary in the third degree, second count charging the defendant with the crime of petit larceny. At the conclusion of the People’s case the defendant moved to dismiss the indictment for failure of proof. The motion was denied in all respects except as to the count charging petit larceny on which the court reserved decision. The sole question to be determined is whether or not the People must prove as part of their case that the property alleged to have been stolen had a value. All other elements of the crime were satisfactorily supported by the evidence. There was, however, no proof offered by the People that the property stolen by the defendant had any value.
*425 Prior to the adoption of the revised Penal Law, there is no doubt but what such question would have to be answered in the affirmative. The holding of People v. Powell (22 A D 2d 959) citing People v. Malatek (2 A D 2d 683) and People v. Otis (235 N. Y. 421), stated, “ We are also of the opinion that, in any event, with respect to the conviction upon the first count of the indictment, reversal of the judgment as to such conviction is required because of the People’s failure to establish the value of the property out of which complainants were defrauded, as charged in that count. To constitute larceny, the properff’ taken must be of some value ”.
It is the People’s position that this rule of law was chai by the enactment of subdivision 3 of section 155.20 of the Peis Law, People v. Powell and the other cases having been decided prior to the effective date of that section of law.
In essence, it is the People’s position that it is not now necessary for the People to present any proof of value to support a larceny conviction. They say, in effect, that absent any evidence of value subdivision 3 of section 155.20 of the Penal Law provides the required proof of value.
It is difficult for this court to so read that section of law and I have been unable to find any decisions dealing with this subject. However, since the defendant was found guilty by the trial jury of the burglary and larceny counts and since there was ample evidence to support such verdicts, again with the exception of evidence to support value under the larceny conviction, the defendant’s motion to dismiss the larceny count for failure of proof is denied. “While the defendant under our criminal procedure is entitled to the benefit of every reasonable doubt on the facts, the People should be entitled to any reasonable doubt a trial judge may have upon the law for, if he makes a mistake on law, the People have no opportunity or method of reviewing his ruling, as strange as it may seem to us in this enlightened day. The defendant, for a wrong-ruling, may always appeal the case for review to a higher court ; the People have no such privilege, except as hereinafter stated. The trial justices in criminal cases, therefore, should bear this in mind when ruling upon points of law.” (People v. Reed, 276 N. Y. 5, 9.)