[Crim. No. 734. · Department One. — September 24, 1901.]

THE PEOPLE, Respondent, v. WILLIAM WILDER, Appellant.

CRIMINAL LAW—LARCENY OF COW—PARTICIPATION OF DEFENDANT—SUFFICIENCY OF EVIDENCE. — The fact that another person than the defendant was the leading actor in the larceny of a cow, of which ·the defendant was convicted, cannot relieve the defendant from the verdict against him, where there is evidence that the defendant not only participated in the killing of the cow, but that both parties rode out together into the field where it was, and drove the animal to the corral where it was killed. The subsequent conduct of the defendant in attempting to dispose of the carcass was evidence that his original taking was larcenous.

ID.—INSTRUCTIONS REQUESTED BY DEFENDANT—STATEMENT TO JURY NOT PREJUDICIAL. — The statement to the jury that certain instructions given at defendant's request were asked for by the defendant, is unnecessary; but the defendant could not be prejudiced by such statement.

ID.—DISTRUST OF WITNESS—INSTRUCTION. — The instruction that "a witness who willfully testifies falsely as to one fact in giving his testimony is to be distrusted in other parts of his testimony," is in substantial accord with the Penal Code. The addition thereto, "If you find that a witness has deliberately testified falsely in one part of his testimony in this case, you have the right to reject the whole testimony of that witness which is not shown by other evidence to be true," though it could well be omitted, leaves the credibility of the witness with the jurors, and is not substantially erroneous.

ID. — CIRCUMSTANTIAL EVIDENCE — INSTRUCTION NOT PREJUDICIAL. — An instruction that "there is nothing in the nature of circumstantial evidence that renders it any less reliable than other classes of evidence," and that "a man may as well swear falsely to an absolute knowledge of the facts as to a number of facts from which, if true, the facts on which the guilt or innocence depends must inevitably follow," is of doubtful character, as a declaration of law, but is not prejudicially erroneous.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order denying a new trial. William S. Wells, Judge.

The facts are stated in the opinion of the court.

R. H. Latimer, and C. A. Reynolds, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

GAROUTTE, J. — Defendant has been convicted of grand larceny in stealing a cow, and now appeals from the judgment and order denying his motion for a new trial. His counsel presents various grounds to support his appeal, but they largely partake of a technical character, and the court will only consider the more important ones.

It is first insisted that the evidence tending to show a commission of the crime of larceny by the defendant is not sufficient to support the verdict. One Schwikerath appears to have been the leading actor in the commission of the crime. The beast was driven from the field to the corral and there killed, the defendant participating in both of these acts. The contention is made that Schwikerath stole the animal at some time prior to the aforesaid driving and slaughtering. In other words, it is claimed that the animal was stolen before the defendant assisted in driving it to the corral prior to the slaughter, and therefore it could not be stolen again by him.

The evidence does not present a legal question of the nicety here suggested; for the testimony of Schwikerath is to the effect that he and defendant rode out into the field and drove the animal to the corral and there killed it. Under these circumstances, if one of these parties was guilty of larceny, the other was equally guilty. And the jury was justified in declaring, from defendant's subsequent conduct in attempting to

dispose of the carcass, that his original taking was larcenous. Indeed, taking the entire evidence into consideration, we hold that it is ample to support the verdict rendered against him.

Some point is made by reason of the fact that the court prefaced the giving of certain instructions to the jury by the statement that they were asked to be given by the defendant. It is a proper practice to indicate by the record which of the parties asked the instructions given and refused. At the same time, it is not necessary to inform the jury that certain instructions read to them were requested by any particular party to the litigation. Jurors have nothing to do with that matter. Yet we find no objection in the record to the practice here followed, and indeed we are not cognizant of any substantial objection that could be made to that practice, for we are at a loss to see how defendant's rights may have been in any way prejudiced by what was done.

An exception was taken to the following instruction: "A witness who willfully testifies falsely as to one fact in giving his testimony is to be distrusted in other parts of his testimony. If you find that a witness has deliberately testified falsely in one part of his testimony in this case, you have the right to reject the whole testimony of that witness which is not shown by other evidence in the case to be true." The first part of this instruction, in substance, is found in the Penal Code. (*People* v. *Sprague,* 53 Cal. 491.) The latter part of the instruction could well have been omitted, but upon an examination of it we find that it in no sense makes it mandatory upon the part of the jurors to reject the testimony of the witness. It is not even advisory to that effect. It simply leaves the credibility of the witness with the jurors, and is not substantially erroneous.

Exception is taken to the following instruction: "There is nothing in the nature of circumstantial evidence that renders it any less reliable than other classes of evidence. A man may as well swear falsely to an absolute knowledge of the facts as to a number of facts from which, if true, the facts on which the guilt or innocence depends must inevitably follow." It may be said that as to this instruction containing a declaration of law there may be grave doubt, but as to the statements there contained not being prejudicially erroneous there is no doubt. *People* v. *Vereseneckockockhoff,* 129 Cal. 509,

does not go to the length of holding such an instruction reversible error.

There is no merit in the remaining assignments relied upon by appellant.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.