[Crim. No. 584. First Appellate District.—August 17, 1915.]

## THE PEOPLE, Respondent, v. CORNELIUS BROWN, Jr., Appellant.

CRIMINAL LAW—GRAND LARCENY—SUFFICIENCY OF EVIDENCE.—In this prosecution for grand larceny it is held that the evidence, although wholly circumstantial, was sufficient to sustain a verdict of conviction.

ID.—INSTRUCTIONS—PROPER MODIFICATION OF.—In such a case there was no error in inserting the word "deliberately" in the following instruction: "I instruct you that a witness who deliberately testifies falsely in one part of his testimony is to be distrusted in other parts thereof."

ID.—MOTION FOR A NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—There is no merit in a motion for a new trial based upon affidavits relating to newly discovered evidence, the affidavits being those of the defendant and another, both of whom were witnesses at the trial, where no showing was made in the affidavits that the facts to which they related could not with due diligence have been presented at the trial, or that the facts recited in the affidavits were not within the knowledge of both affiants while they were witnesses on the stand.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial. William A. Beasley, Judge.

The facts are stated in the opinion of the court.

W. R. Biaggi, for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, Arthur M. Free, District Attorney, and Archer Bowdin, Deputy District Attorney, for Respondent.

THE COURT.—This is an appeal from a judgment of conviction of grand larceny, and from an order denying the defendant a new trial.

The appellant contends that the evidence is insufficient to justify a verdict of conviction under section 484 of the Penal Code. It is true that the evidence is wholly circumstantial, but it shows in substance the following state of facts: One Valentine Koch was on January 21, 1915, and thereafter the owner of a store in San Jose, selling and having in stock a lot of buggy and automobiles robes. On the evening of that day one of his employees closed and locked the store as usual about a quarter to 6 o'clock. On the following morning when he opened up the store he noticed that a window in the back of the store opening into a rear yard had been broken open during the night. He reported this to the proprietor's son, Bert. Koch, who presently went into the back yard to investigate the matter. While there the defendant came into this yard from a rear window of a saloon also opening into it, and going over to where a bundle was lying near the broken widow, started to pick it up. This bundle was afterward found to contain one of the buggy robes which had been taken from Koch's store. Young Koch then went out and secured the services of a policeman, who went with him into the saloon from which the defendant had been seen to come, and into which he had gone back, and there in a rear room they found most of the other stolen robes. One of the bartenders of the saloon testified that the defendant had taken him into this rear room during the night and tried to borrow five dollars on the robes. There were other facts and circumstances closely connecting the defendant with the commission of the crime. On the whole we think the evidence was sufficient to have warranted the jury in finding the defendant guilty either of the direct theft of the goods under section 484 of the Penal Code, or of that form of larceny which is defined in section 485 of the Penal Code, relating to the recent possession of stolen property. The objection of the appellant that the testimony is insuffi-

cient to support the verdict, we think, therefore is not well taken.

The appellant also contends that the trial court·erred in overruling the defendant's objections to certain questions asked of Valentine Koch by the prosecution in an endeavor to identify the stolen property, but we find no substantial error in the rulings of the court in that regard.

It is also urged by the appellant that the court erred in the insertion of the word ''deliberately'' in the following instruction: ''I instruct you that a witness who deliberately testifies falsely in one part of his testimony is to be distrusted in other parts thereof''; but a similar instruction was held not to be substantially erroneous in *People* v. *Wilder,* 134 Cal. 182, [66 Pac. 228].

The appellant also assails a number of the other instructions of the court, some of which were modifications of instructions asked by the defendant. We have carefully examined the entire body of the instructions given by the court; and, taken as a whole, we think they gave to the jury a full and fair exposition of the law of the case, and that every omitted or modified instruction of the defendant is covered by the general instructions given by the court.

The only other material point urged by the defendant relates to the alleged misconduct of the district attorney in his conduct of the case and address to the jury; but upon an examination of the entire record we fail to find any acts of misconduct on the part of the prosecuting officer by which the defendant was seriously injured, or the omission of which would have had any material effect on the verdict.

We find no merit in defendant's motion for a new trial based upon affidavits relating to the newly discovered evidence. These affidavits are those of the defendant himself and of one other affiant, both of whom were witnesses at the trial. There was no showing in these affidavits that the facts to which they relate could not with due diligence have been presented at the trial, or that the facts recited in them were not within the knowledge of both of these affiants while they were witnesses on the stand. The motion for a new trial was properly denied.

Judgment and order affirmed.