[Crim. No. 518.   Second Appellate District.—January 26, 1917.]

## THE PEOPLE, Respondent, v. FRANK HENSON, Appellant.

CRIMINAL LAW — ROBBERY — EVIDENCE — CONFESSIONS OF DEFENDANT — PROOF OF CORPUS DELICTI.—In a prosecution for the crime of robbery it is not necessary that the testimony of the prosecuting witness be corroborated in establishing the *corpus delicti*, as preliminary to the admission in evidence of testimony of confessions made by the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. G. W. Nicol, Judge presiding.

The facts are stated in the opinion of the court.

C. B. Conlin, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant was convicted of the crime of robbery and has been sentenced to a term in the state prison. He appeals from the judgment and from an order denying his motion for a new trial.

Appellant claims that the court erred in admitting testimony of confessions made by him, because the people had failed to establish the *corpus delicti*. This claim is manifestly wrong. The first witness at the trial was E. Lubansky, the victim of the robbery, who testified fully to the facts showing that he was held up and robbed at the time and place referred to in the information. There is no merit in the proposition of counsel for appellant that corroboration of the testimony of Lubansky was legally necessary.

It is next complained that the testimony of the witness Brown showed that he was an accomplice, and that his testimony was not corroborated. But the record shows that in so far as the testimony of the witness Brown had any tendency to connect the defendant with the commission of the crime, such testimony was amply corroborated by other evidence "which in itself, and without the aid of the testimony of the

accomplice, tends to connect the defendant with the commission of the offense." (Pen. Code, sec. 1111.) The facts admitted by the defendant in his conversations with certain police officers were sufficient to establish his guilt. A proper foundation was laid for the evidence by testimony showing that these confessions were free and voluntary. One of these statements was made by defendant in the presence of his father. The criticisms directed by counsel toward this evidence relate to the weight of the evidence, rather than to its admissibility. But it was for the jury and is not for this court to determine whether such evidence was worthy of belief.

Complaint is further made that the district attorney was guilty of misconduct in asking certain questions and in making certain statements to the jury. These matters are of such slight importance that we are not justified in entering into a discussion of them. It appears that the defendant had a fair trial, and that upon entirely sufficient evidence he was found guilty of the crime charged.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.