[Crim. No. 575. Third Appellate District.—August 23, 1921.]

## THE PEOPLE, Appellant, v. ANNET SPENCER, Respondent.

[1] CRIMINAL LAW — LARCENY — TAKING OF INTOXICATING LIQUORS. — Under the Volstead Act, wine containing more than one-half of one per cent by volume of alcohol, and manufactured since January 20, 1921, for beverage purposes, is not property or a thing of value, and is not a subject of larceny.

[2] ID. — BURGLARY — ENTERING BUILDING TO TAKE INTOXICATING LIQUORS.—A person who enters a building with intent to take wine containing more than one-half of one per cent by volume of alcohol, and manufactured since January 20, 1921, for beverage purposes, is not guilty of the crime of burglary.

APPEAL from a judgment of the Superior Court of Mendocino County. H. L. Preston, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Appellant.

Charles Kasch for Respondent.

HART, J.—The defendant was accused by an information filed by the district attorney of Mendocino County in the superior court of said county of the crime of burglary.

The defendant demurred to the information on the grounds: 1. That said information does not state facts sufficient to constitute a public offense; 2. That said information contains matters which, if true, would constitute a legal bar to the prosecution of said offense. The demurrer was sustained and the information thereupon dismissed. The people appeal from the judgment of dismissal after demurrer sustained.

The charging part of the information reads as follows: "That the said defendant, Annet Spencer, on the 19th day of February A. D. nineteen hundred and twenty-one at the

---

1. Property kept for unlawful purpose as subject of larceny, note, 5 Ann. Cas. 798.

said Mendocino County, State of California, and before the
filing of this Information did then and there willfully,
unlawfully and burglariously enter the outhouse of one
Lorenzo Albonico at the ranch of said Lorenzo Albonico
about one and one quarter miles East of the town of Covelo
in said County with the intent then and there and therein
to steal, take, and carry away certain intoxicating liquor,
to wit: wine containing more than ½ of 1% by volume
of alcohol said wine having been manufactured since Jan-
uary 20th, 1921, for beverage purposes of the value of
less than Fifty Dollars and more than $1.00 lawful money
of the United States of America and of the personal prop-
erty of one Lorenzo Albonico, contrary,'' etc.

[1] The theory upon which the demurrer was sustained
by the court below and upon which insistence upon an
affirmance of the judgment is urged in this court is that
the article which the information charges that the defendant
entered the building with the intent to steal is not property
or a thing of value, and consequently, is not a subject of
larceny. This theory is founded upon the provisions of the
act of Congress, known as the Volstead Act, which was
enacted for the purpose of properly enforcing or of facili-
tating the proper enforcement throughout the United States
of the provisions of the eighteenth amendment of the fed-
eral constitution, prohibiting the manufacture, sale, trans-
portation, possession, etc., of intoxicating liquors.

Under the provisions of said act any liquors which con-
tain one-half of one per centum or more of alcohol by vol-
ume, to be used as beverages, come within the ban of the
statute. It will be noted that the information in this
case alleges that the wine which the defendant is charged
with having entered the building with the intent to steal
contained more than one-half of one per cent by volume of
alcohol and that the same had been manufactured, for bev-
erage purposes since January 20, 1921.

Section 8351b of said act, as the same has been codified
(Barnes' Federal Code, 1921 Supplement), provides that
''no person shall own or after the date when the Eighteenth
Amendment to the Constitution of the United States goes
into effect, manufacture, sell, barter, transport, import, ex-
port, deliver, furnish or possess any intoxicating liquor
except as authorized by this act, . . . ''

Section 8351t of the same act declares that any room, house, building, or other structure, where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this title, etc., is a common nuisance, and annexes a penalty for the maintenance of such nuisance.

Section 8352, among other things, provides: "It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, *and no property right shall exist in any such liquor or property.*"

It is clear, from the foregoing provisions of the Volstead Act, that intoxicating liquors are not property within the meaning of the law. (Civ. Code, sec. 654.) Said section reads: "The ownership of a thing is the right of one or more persons to possess and use it to the exclusion of others. In this code, the thing of which there may be ownership is called property."

It is obvious that there cannot be under the law as it exists to-day in this country an ownership of intoxicating liquors manufactured for beverage purposes since the enactment of the Volstead Act, and, manifestly, if there cannot be an ownership of such liquors, they cannot be in legal contemplation property. It necessarily follows that the charge of larceny cannot be predicated of the act of taking intoxicating liquors by one from the possession of another.

[2] It is true that the gist of the crime of burglary is the entering of a building with the intent to commit either grand or petit larceny or other felony, and, although no property may be taken by a person so entering a building or other felony committed therein, the crime is nevertheless consummated upon an entry of the building being effected with the intent to commit any of the crimes mentioned in the statute. The description or specific mention in this case of the particular property which the defendant entered the building with intent to steal is evidentiary, wholly surplusage, and unnecessary to incorporate into that pleading, and it seems to us that the district attorney has thus "surplusaged" himself out of court in this case, for having alleged in the information that the defendant entered the building with the intent to steal the particular property described therein, we are authorized to assume that he could only support the charge so preferred by evidence

showing that the defendant did enter the building with the intent to steal the wine that was stored therein and with no intent to steal any other property which might be in said building. In other words, we have a right to assume from the nature of the averments of the information that the district attorney thus purposely restricted himself to the right to prove the case by showing that the intent of the defendant in entering the building was only to take the wine, and this probably for the reason that the evidence available to him to establish the allegations of the information would, and in fact could, only show, if anything at all, that the defendant entered the building with the intent to take no other article therefrom than the wine which was stored or kept therein. This being so, the defendant could not be guilty of the crime of burglary, since, as we have above suggested, wine or other intoxicating liquors which come within the prohibition of the eighteenth amendment and the Volstead Act, not being property, cannot be the subject of larceny. Although a person, himself having no right to its possession, may intend to and in fact take intoxicating liquor from the possession of another, he cannot be proceeded against either criminally or civilly because of such intent or of the taking thereof.

The soundness of the foregoing views would seem to be unquestionable, yet we are not without authority for their support. In *People* v. *Caridis*, 29 Cal. App. 166, [154 Pac. 1061], the defendant was charged by an information with the crime of grand larceny in that he had feloniously stolen and taken from another person a certain lottery ticket of a certain lottery company. A demurrer to the information was sustained upon the ground that the facts stated therein did not constitute a public offense, "in the particular that it affirmatively appeared that the subject matter of the alleged larceny had no legitimate value," and the action was thereupon dismissed. The people appealed, and in affirming the judgment the court said:

"The lottery ticket which was the subject matter of the larceny charged in the present case had no relative value save, as affirmatively alleged in the information, as the evidence of a debt due from an enterprise which was denounced by law and which apparently existed and was conducted by its promoters in defiance of the law. (Pen.

Code, sec. 319 et seq.) It is a well-settled principle that an obligation which exists in defiance of a law which denounces it has, in the eye of the law, neither validity nor value.''

In *State*. v. *Lymus,* 26 Ohio St. 400, [20 Am. Rep. 772], the indictment charged the defendant with the crime of entering a building in the night-time with intent to steal a dog kept therein, the property of the owner of the stable, of the value of twenty-five dollars. The trial court sustained a motion to quash the indictment, and upon appeal the supreme court said, in upholding the judgment, that under the laws of the state of Ohio a dog was not property and, therefore, could not be the subject of larceny. The court further said: ''It will be time enough for the courts to say that a dog is the subject of larceny when the law-making power of the state has so declared. 'Constructive crimes are odious and dangerous.' '' (*Findlay* v. *Bean,* 8 Serg. & R. (Pa.) 571.)

Parenthetically, we may observe that in this state dogs, in derogation of the common-law rule, are declared to be personal property ''and their value is to be ascertained in the same manner as the value of other property.'' (Pen. Code, sec. 491.)

There are other cases to the same effect as the above, but, as before stated, the proposition seems to be so clearly tenable that further citations are deemed unnecessary.

It may be suggested that the district attorney, if he conceived it proper or necessary to name the specific property which the accused entered the building with the intent to steal, could have mentioned the bottles or other vessels containing the wine and thus have described what in law is property and subject to asportation. But, be that as it may, the judgment, for the reasons herein given, should be affirmed, and it is so ordered.

Burnett, J., and Finch, P. J., concurred.