[Crim. No. 1417.    Second Appellate District, Division One.—May 4, 1927.]

## THE PEOPLE, Respondent, v. FRANK BAILEY et al., Appellants.

[1] CRIMINAL LAW—CONSPIRACY TO STEAL WHISKY—LEGAL POSSESSION—PLEADING.—In a prosecution for the crime of conspiracy to commit the crime of grand larceny, allegations in the indictment that defendants did unlawfully conspire to take, steal, and carry away certain whisky, the property of a named person, of the value of ten thousand dollars, in effect constitute a contradiction that it was illegally possessed whisky having no value, and such indictment is sufficient.

[2] ID.—CONSPIRACY—EVIDENCE—HEARSAY.—In such prosecution, the evidence having shown the existence of the conspiracy charged in the indictment, and that a certain person not on trial was a co-conspirator with the defendants on trial, testimony of said co-conspirator regarding statements made over the telephone by an alleged co-conspirator of the defendants was not hearsay, and was properly admitted in evidence.

[3] ID.—STATEMENTS OF CONSPIRATORS—EVIDENCE.—After a conspiracy has been formed, and before its consummation, any act or declaration of either of the conspirators is admissible in evidence; and in this prosecution, where one of the conspirators in the presence of two of his co-conspirators directed his secretary to inquire of a certain person the location of the home from which they intended to steal certain whisky, and said secretary performed the duty assigned to him and immediately thereafter and within the presence and hearing of the said alleged conspirators reported the desired information thus acquired to his employer, such conversation was properly admissible in evidence.

[4] ID.—LEGALLY POSSESSED WHISKY—INSTRUCTIONS.—In a prosecution for conspiracy, an instruction to the effect that if at all events and regardless of whether certain whisky was either legally or illegally possessed by the person in whose home it was kept, or, if without any agreement or understanding among the conspirators regarding the legality or illegality of the possession of the whisky by said person, the defendants conspired to steal the whisky, they should be found guilty as charged, covers the

2.   See 8 Cal. Jur. 119, 120.

3.   Admissibility of acts and declarations of conspirators, note, 3 Am. St. Rep. 486.   See, also, 5 Cal. Jur. 526; 8 Cal. Jur. 123; 5 R. C. L. 1089.

law affecting a general conspiracy and is not in conflict with another instruction limiting the conspiracy to a definite object, and in which the jury is told that intoxicating liquor which was illegally possessed did not constitute property and was not the subject of larceny, and consequently it was "not criminal to specifically agree with others to take such illegally possessed liquors."

[5] ID.—ACCOMPLICES—EVIDENCE—INSTRUCTIONS.—In a prosecution for conspiracy, where certain witnesses (one of them a defendant) freely testify to their participation in the commission of the offense, and there is no conflict in the evidence on that point, the court is justified in instructing the jury that said witnesses are accomplices.

[6] ID.—CIRCUMSTANTIAL EVIDENCE — WEIGHT AND CREDIBILITY—INSTRUCTIONS.—In a prosecution for conspiracy, it is not error to instruct the jury that, "There is nothing in the nature of circumstantial evidence that renders it less reliable than the other class of evidence. A man may as well swear falsely to an absolute knowledge of the fact as to a number of facts from which, if true, the facts on which the guilt or innocence depends must inevitably follow. . . . The law makes no distinction between circumstantial evidence and direct evidence in the degree of proof required for conviction, . . . "

[7] ID. — PLEADING—EVIDENCE—CORROBORATION—INSTRUCTED VERDICT. All that is required by the provisions of section 1111 of the Penal Code is that the corroborative evidence tends to connect the defendant with the commission of the offense, provided that it must do more than merely show the commission of the offense and the circumstances thereof; and in this prosecution for conspiracy, the indictment having stated facts sufficient to constitute a public offense, and the owners of the whisky taken having given testimony in corroboration of one of the accomplices as to many of the details connected with the overt acts of the defendants in connection with the commission of the offense, together with a very satisfactory identification of a certain one of the defendants as a participator in the crime, the trial court did not err in denying the motion of said defendant for an instructed verdict of not guilty.

[8] ID. — LAWFUL POSSESSION OF WHISKY—BURDEN OF PROOF.—In a prosecution for conspiracy to steal certain whisky, the property

5. Who are accomplices, notes, 98 Am. St. Rep. 158; 138 Am. St. Rep. 273. See, also, 8 Cal. Jur. 173; 1 R. C. L. 157.

6. See 8 Cal. Jur. 191; 8 R. C. L. 225.

7. Corroboration of testimony of accomplice by circumstantial evidence, note, 98 Am. St. Rep. 170. See, also, 8 Cal. Jur. 177–181; 1 R. C. L. 168, 171.

of a named person, the burden is upon the prosecution to prove that said liquor was lawfully acquired, possessed and used by said person; and such burden is met by proof that said liquor was owned and possessed by said person as a part of a stock of liquor which he had owned before the National Prohibition Act went into effect, and that at all times thereafter it was kept and possessed by him in his home for his own use, and that of his family and their *bona fide* guests.

[9] Id.—Evidence—Corroboration.—In this prosecution for conspiracy to steal certain whisky, there was no merit in the contention that no sufficient corroboration of the testimony given by one of the accomplices to establish the conspiracy alleged in the indictment was shown in evidence, and that no evidence was introduced which tended to prove that the alleged conspiracy had for its object anything other than the taking of whisky illegally possessed, where one of the accomplices testified to the effect that he told a certain one of the defendants that the whisky was legally possessed, and the wife of the owner thereof testified that after said defendant had been informed by her that the whisky was "pre-war," he stated that "they would have to take it"; but even assuming that the testimony of said accomplice was not sufficiently corroborated, it appeared that the proposed means of taking the whisky was by virtue of a forged search-warrant, and that fact was sufficiently corroborated by both the owner of said whisky and his wife.

[10] Id. — Conspiracy—Unlawful Act—Unlawful Means—Forged Search-warrant. — A criminal conspiracy exists when two or more persons conspire to commit an unlawful act, or to commit a lawful act by unlawful means; and an agreement among conspirators to obtain possession of whisky through the pretended authority of a search-warrant, which in fact is forged and of no validity, is an effort to take the whisky by unlawful means.

[11] Id.—Identification of Defendant—Silence.—In a prosecution for conspiracy to steal certain whisky, there is no merit in the contention of one of the defendants that as to him the testimony of the accomplices was not corroborated, where the evidence is to the effect that three days after the offense was committed the owner of the whisky identified said defendant by his walk as being one of the men who were present at his home at the time in question, and who participated in the commission of the crime, and such identification was made by stating, in the presence and hearing of said defendant, "that is the man," to which statement said defendant made no reply.

---

10. What constitutes crime of conspiracy, notes, 51 **Am. Dec.** 82; 3 **Am. St. Rep.** 474. See, also, 5 **Cal. Jur.** 495; 5 **R. C. L.** 1061.

[12] ID. — CORROBORATION — IDENTIFICATION BY WALK—ADMISSIONS.—
Corroboration of the accomplice may be slight and of itself entitled to but little consideration, and a man may be identified
by his walk; and the testimony of the accomplice may be corroborated by the admission of the defendant.

---

(1) 12 C. J., p. 619, n. 13.    (2) 16 C. J., p. 646, n. 88.    (3) 16
C. J., p. 639, n. 85, p. 656, n. 95.    (4) 16 C. J., p. 1038, n. 76.
(5) 16 C. J., p. 928, n. 78.    (6) 16 C. J., p. 1012, n. 30.    (7) 16
C. J., p. 712, n. 30.    (8) 12 C. J., p. 632, n. 28.    (9) 12 C. J., p. 638,
n. 80.    (10) 12 C. J., p. 547, n. 44.    (12) 16 C. J., p. 706, n. 47,
p. 714, n. 33.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.
Victor R. McLucas, Judge.    Affirmed.

The facts are stated in the opinion of the court.

MacDonald & Thompson and James E. Fenton for Appellants.

U. S. Webb, Attorney-General, John L. Flynn, Deputy
Attorney-General, and James S. Howie for Respondent.

HOUSER, J.—Defendants appeal from a judgment of
conviction of the crime of conspiracy to commit the crime
of grand larceny, and from an order denying them and each
of them a new trial.

Briefly, the facts appear to be that the defendants with
two others agreed among themselves that they would go to
a certain place where a considerable quantity of whisky
was stored and by pretending to the owner of the premises
that they were officers engaged in the enforcement of the
National Prohibition Act, and by virtue of a forged search-
warrant take the whisky and convert it to their own use.

[1]  The gist of the accusation against the defendants, as
set forth in the indictment, is that they did unlawfully
conspire " . . . to take, steal and carry away from one
John Shepek, whisky of the value of Ten Thousand Dollars
($10,000.00), lawful money of the United States, . . . "

---

12.  Confession of defendant as sufficient corroboration of accomplice, note, **Ann. Cas.** 1916C, 570.  See, also, 1 **R. C. L.** 168, 171.

The first specification of error in effect is that the indictment fails to state facts sufficient to constitute a public offense in that the whisky which was the subject of the proposed larceny in law did not constitute property or anything of value in which the person from whom it was proposed to be taken had any property right.

While it is true that as to whisky illegally possessed the statute (sec. 8352, Barnes' Federal Code) provides in effect that no property right shall exist therein, and which statute in the case of *People* v. *Spencer*, 54 Cal. App. 54 [201 Pac. 130], has been construed in accordance with the general contention of appellants, nevertheless we think that the language of the indictment herein, to which attention has been directed, sufficiently covers whisky legally possessed. It will be noted that the words of the indictment in effect are that the whisky was of the value of ten thousand dollars and the personal property of John Shepek. According to the language of the statute, if the whisky had been illegally possessed by Shepek it would have had no value; nor would Shepek have had any property right therein. The words of the indictment that the whisky was worth ten thousand dollars and that it was the personal property of John Shepek in effect constituted a contradiction that it was illegally possessed whisky and that consequently it had no value. It therefore follows that the indictment was sufficient.

[2] It is next specified as error that certain testimony given by one McDonald on behalf of the People regarding statements made over the telephone by an alleged co-conspirator of the defendants was hearsay and improperly admitted on the trial of the action. The evidence having shown the existence of the conspiracy charged in the indictment, and that McDonald was a co-conspirator with the defendants on trial, it is well settled that such evidence was admissible. (*People* v. *Tomlinson*, 102 Cal. 19 [36 Pac. 506]; *People* v. *Bunkers*, 2 Cal. App. 197 [84 Pac. 364, 370].)

[3] A somewhat similar objection to testimony given by a witness regarding an alleged conversation which took place between the witness and a man delegated by one of the alleged conspirators to hold such conversation is subject to the same rule. Specifically, the only material part of the

conversation was as to the location of the place where the whisky was stored.

That after a conspiracy has been formed, and before its consummation, any act or declaration of either of the conspirators in furtherance of the conspiracy is admissible in evidence is so well established as to require no citation of authority therefor. All that occurred in substance was that one of the conspirators in the presence of two of his co-conspirators directed his secretary to inquire of the witness the location of John Shepek's home. The evidence shows that the secretary performed the duty assigned to him and immediately thereafter and within the presence and hearing of the said alleged conspirators reported the desired information thus acquired to his employer. In reason we can see no valid objection to the evidence.

[4] Appellants complain of alleged prejudicial error in the giving by the court to the jury of two instructions of which it is contended that each of them is in conflict with the other. The first of such instructions was to the effect that if at all events and regardless of whether the whisky was either legally or illegally possessed by Shepek, or, if without any agreement or understanding among the conspirators regarding the legality or illegality of the possession of the whisky by Shepek, the defendants conspired to steal the whisky, they should be found guilty as charged. The effect of the second instruction was that intoxicating liquor which was illegally possessed did not constitute property and was not the subject of larceny, and consequently that it was "not criminal to specifically agree with others to take such illegally possessed liquors." The first instruction covered the law affecting a general conspiracy; and the second limited the conspiracy to a definite object. If the jury found a general conspiracy to have existed among the defendants, it was authorized to find the defendants guilty; but if the jury found that the defendants conspired to steal a certain kind of whisky only, to wit, illegally possessed whisky, the jury was informed that its duty was to acquit the defendants.

Appellants fail to point out in what respect either of such instructions conflicts with the other; nor is this court, independent of advice of counsel representing appellants, able to discern the conflict of which general complaint is made.

**[5]** By appellant Bailey, error is also predicated on the giving by the court of the following instruction to the jury: "You are instructed that the witness Calvin Warren and the witness Frank Bailey are accomplices."

In the case of *People* v. *Coffey*, 161 Cal. 433, 436 [39 L. R. A. (N. S.) 704, 119 Pac. 901], it is said: " . . . But where the facts are not in dispute, where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice. . . . " To the same effect are *People* v. *Truax*, 30 Cal. App. 471 [158 Pac. 510]; *People* v. *Howell*, 69 Cal. App. 239 [230 Pac. 991]; *People* v. *McDermott*, 75 Cal. App. 718 [243 Pac. 485].

In view of the fact that each of said witnesses freely testified to his participation in the commission of the offense, and that there is no conflict in the evidence on that point, the court was justified in giving to the jury the instruction of which complaint is made.

**[6]** Further complaint is made by appellants that the trial court erred in giving to the jury the following instruction: " . . . There is nothing in the nature of circumstantial evidence that renders it less reliable than the other class of evidence. A man may as well swear falsely to an absolute knowledge of the facts as to a number of facts from which, if true, the facts on which the guilt or innocence depends must inevitably follow. . . . The law makes no distinction between circumstantial evidence and direct evidence in the degree of proof required for conviction, . . . "

An instruction of practically the same import has been passed upon by the appellate tribunals in each of the following cases: *People* v. *Morrow*, 60 Cal. 142; *People* v. *Urquidas*, 96 Cal. 239 [31 Pac. 52]; *People* v. *Wilder*, 134 Cal. 182 [66 Pac. 228]; *People* v. *Howard*, 135 Cal. 266 [67 Pac. 148]; *People* v. *Ung Sing*, 171 Cal. 83 [151 Pac. 1145]; *People* v. *Watts*, 198 Cal. 776, 797 [247 Pac. 884]; *People* v. *Simmons*, 7 Cal. App. 559 [95 Pac. 48]; *People* v. *Lim Foon*, 29 Cal. App. 270 [155 Pac. 477].

As in none of such cases was it held that the giving of such an instruction was ground for reversal of the judgment, we are constrained to follow the rule therein indicated and to declare that the trial court committed no error in giving to the jury the instruction to which exception is taken herein.

It is next urged by appellant Bailey that the court erred in denying his motion to advise the jury to find him not guilty on the ground that no offense against the laws of the state of California had been made out by the proof presented by the prosecution, and on the further ground that the indictment failed to state facts sufficient to constitute a public offense against the laws of the state of California.

As hereinbefore stated, we are of the opinion that the indictment was sufficient. [7] However, appellant discusses the sufficiency of the corroboration of one of the accomplices to warrant the verdict. All that apparently is required by the provisions of section 1111 of the Penal Code is that the corroborative evidence tends to connect the defendant with the commission of the offense, provided that it must do more than merely show the commission of the offense and the circumstances thereof. But it appears that both Mr. and Mrs. Shepek gave testimony in corroboration of one of the accomplices as to many of the details connected with the overt acts of the defendants in connection with the commission of the offense, together with a very satisfactory identification of defendant Bailey as a participator in the crime. The general rule as to the sufficiency of corroborative evidence is discussed and authorities cited in the case of *People* v. *Kelly*, 69 Cal. App. 558, 570 [231 Pac. 767], and the principle laid down that all that is required is, that standing alone such corroborative evidence tends to connect the defendant with the commission of the offense, and that such evidence may be slight and of itself entitled to but little consideration.

Measured by such rule, in the instant case we entertain no doubt but that the requirements of the statute were fully met.

[8] Appellant Bailey also advances the point that the *corpus delicti* was not established in that the evidence failed to establish the fact that Shepek was the lawful owner of the whisky which was the subject of the alleged conspiracy.

The burden of proving that the liquor was lawfully acquired, possessed, and used by Shepek rested on the prosecution. (Sec. 8352h, Barnes' Federal Code.) With reference thereto the record herein shows that both Mr. and Mrs. Shepek testified that the whisky in question was owned and possessed by Shepek as a part of a stock of

liquor which he had owned before the National Prohibition Act went into effect, and that at all times thereafter the whisky was kept and possessed by Shepek in his home for his own use, that of his family and their *bona fide* guests.

It is therefore clear that the position of appellant cannot be sustained.

[9] Appellant Warren contends that no sufficient corroboration of the testimony given by one of the accomplices to establish the conspiracy alleged in the indictment was shown in evidence, and that no evidence was introduced which tended to prove that the alleged conspiracy had for its object anything other than the taking of whisky illegally possessed, and hence that the evidence failed to show that any crime was committed. The record herein shows that Mrs. Shepek testified that after defendant Bailey had been informed by her that the whisky was "pre-war," Bailey stated that "they would have to take it"—which fact at least has a tendency to corroborate the testimony given by the accomplice to the effect that he told Bailey that the whisky was legally possessed by Shepek. But even assuming the fact (which cannot be conceded) that the testimony of the accomplice to the effect that he told his co-conspirators that the whisky was "pre-war," or legally possessed whisky, was not sufficiently corroborated, nevertheless it appears that the proposed means of taking the whisky (legally or illegally possessed) was by virtue of a forged search-warrant; which fact, although testified to by an accomplice, was sufficiently corroborated by both Mr. and Mrs. Shepek.

[10] As stated in 5 California Jurisprudence, page 495, where in support thereof several cases are cited: "The authorities declare that a criminal conspiracy exists when 'two or more persons conspire to commit an unlawful act, or to commit a lawful act by unlawful means.' " It must have been either lawful or unlawful to conspire to take the whisky. If it was unlawful, the statute covers the act of the conspirators; and if lawful, the means by which the whisky was proposed to be taken was unlawful; which would also bring the act within the terms of the statute. The agreement among the conspirators to obtain possession of the whisky through the pretended authority of a search-warrant, which in fact was forged and of no validity, was

an effort to take the whisky from the possession of the owner thereof by unlawful means; from which it follows that the conspiracy was established by the evidence and consequently that the contention of appellant in this regard cannot be sustained.

[11]   Finally, it is contended by appellant Warren that the testimony of two of the accomplices in the commission of the offense was not corroborated as to said appellant.

The evidence shows that the corroboration was to the effect that three days after the offense was committed John Shepek identified Warren by his walk as being one of the men who were present at Shepek's home at the time in question, and who participated in the commission of the crime.   At the time of the trial Shepek testified that at the time he identified defendant Warren the peculiarity of Warren's walk was fresh in his memory; that the particular and peculiar walk of the man that he noticed coming up out of the cellar in Shepek's home at the time the offense was committed was similar to the walk of the man whom he later identified; and that at the time he made the identification he was positive that the man he then identified was the man he saw at his home at the time in question.   On the trial of the action Shepek declined to state positively that defendant Warren was the man whom he had formerly identified, or that he was one of the men who were at his home at the time the offense was committed.   Although defendant Warren did not take the witness-stand in his own behalf, it appears from the evidence that at the time when Shepek identified Warren he did so by stating, in the presence and hearing of Warren, "that is the man," to which statement Warren made no reply.   The arresting officer testified that Warren was the man whom Shepek identified two or three days after the offense was committed.

[12]   Having in mind the rule hereinbefore stated to the effect that the corroboration of the accomplice may be slight and of itself entitled to but little consideration, and that a man may be identified by his walk (*People* v. *Wilson,* 76 Cal. App. 688 [245 Pac. 781]), together with the further rule that the testimony of the accomplice may be corroborated by the admission of the defendant (*People* v. *Richardson,* 161 Cal. 552 [120 Pac. 20]; *People* v. *Henson,* 32 Cal. App. 600 [163 Pac. 685]; *People* v. *Kelly,* 69 Cal. App. 558

[231 Pac. 767]), we are constrained to hold that the corroboration was of sufficient strength to warrant the submission of the question of the guilt of defendant Warren to the jury.

No prejudicial error appearing in the record, it is ordered that the judgment and the order denying the motion for a new trial be and they are affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 27, 1927, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 30, 1927.