[Crim. No. 1670.   Third Appellate District.—May 23, 1939.]

THE PEOPLE, Respondent, v. RAYMOND WALKER, Appellant.

Oliver J. Northup for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Defendant was charged and convicted of burglary, and has appealed from the judgment of conviction.

From the record it appears that defendant and his companions entered the premises of the complaining witness and took therefrom two slot machines.

Two questions are presented upon this appeal. The first point urged is that when the defendant entered the premises he had no knowledge of the slot machines, and therefore entered without any felonious intent, and secondly, that slot machines, being illegal and contraband, may not be the subject of burglary.

As to the first point, the question of intent was determined adversely to the defendant, and being a question of fact is not subject to review by this court.

As to the second point—that slot machines are not subject to burglary—appellant concedes that in *People* v. *Spencer*, 54 Cal. App. 54 [201 Pac. 130], wherein it was held that a person who entered a building with the intent to take liquor containing more than one-half of one per cent by volume of alcohol, and illegally manufactured for beverage purposes during the prohibition era was not guilty of burglary, had been overruled by *People* v. *Odenwald*, 104 Cal. App. 203 [285 Pac. 406, 286 Pac. 161]. However, he claims that the more recent case of *People* v. *Rosen*, 11 Cal. (2d) 147 [78 Pac. (2d) 727, 116 A. L. R. 991], has by implication at least, overruled the Odenwald case, *supra*, and has readopted the rule announced in the Spencer case.

Under the facts here presented we do not believe the case of *People* v. *Rosen*, *supra*, is applicable, and it will not be necessary to discuss or justify the rule there announced.

In the Rosen case the defendant had, over a period of several months, frequented a gambling house known as ''Millers'', and had lost about $1,000 in gambling. On the night in question he had played and lost again. Late that night, armed with a revolver he returned and took about $200 from a box which the establishment used as a container for money with which to pay off the winners. It was the claim of defendant that he had not intended to do more than take back his own money and that he would have taken all he had lost if that much had been in the box, but no more. The Supreme Court held the property so taken was the legal property of Rosen and title remained in him even though he had temporarily relinquished possession by reason of his gambling losses. The operator of the game was guilty of

a conversion, and it could not be said that the defendant was intending to "take . . . the property of another" as intended by section 484 of the Penal Code.

In the instant case defendant Walker was a total stranger to any property rights or interest in the slot machines. They never had been in his possession and he did not even claim that the slot machines were the depository of any of his money.

Although it may be illegal to own or possess slot machines there yet exists certain rights in the individual who may possess such a contraband article as against anyone other than the state. The owner at least has the privilege of destroying the machine, he also has the right to surrender it to the authorities. It is true his right to the possession of a slot machine is by law very limited, nevertheless he has certain claims and powers not possessed by any other which invests in him something real and tangible. When the law declares there is no property in a contraband article, as was done in the National Prohibition Act, or that title is not lost when taken illegally, as in gambling, we are considering rather the right of possession than the legal title, and it is failing to distinguish between these terms that some confusion has crept in the law. There are no property rights innate in objects themselves. Such rights as there are are in certain persons as against others with respect to the particular objects in question. Since property or title is a complex bundle of rights, duties, powers and immunities, the pruning away of some or a great many of these elements does not entirely destroy the title as pointed out by Professor Hohfeld in "Fundamental Legal Conceptions", 23 Yale Law Journal, 16; 11 Cal. Law Review, 369. Also in 11 Cal. Law Review, at page et seq. 369, is found a very fine discussion of the rights of a possessor in contraband property, and the conclusion is there reached that sufficient attributes of ownership are found in the article to constitute something real and tangible.

In *Commonwealth* v. *Rourke,* 64 Mass. 397, involving the larceny of money received from an illegal sale of intoxicating liquor, the court, after discussing the property rights involved, considered the case from the point of public policy, weighing the convenience of the administration of the law, with the ethical relationship of the two offenders toward society, and concluded if one were allowed by law to take the

illegal gains of another it would embarrass and obstruct the administration of the law; and as to the ethics of the case concluded that neither offender should be excused, but each violation of the law separately dealt with, and each punished by appropriate measures.

In 11 A. L. R. 1032 and 75 A. L. R. 1479 are gathered the cases dealing with this subject, and the doctrine that contraband property may be the subject of larceny has been adopted by all the jurisdictions passing upon that point.

The defendant was legally convicted of burglary, and the judgment is affirmed.

Thompson, J., and Tuttle, J., concurred.